THE STATE, EX REL. PIA PSYCHIATRIC HOSPITALS, INC., D.B.A. PSYCHIATRIC INSTITUTE OF NORTHEASTERN OHIO, APPELLANT AND CROSS-APPELLEE, *v.* OHIO CERTIFICATE OF NEED REVIEW BOARD ET AL., APPELLEES; CHARTER HOSPITAL OF AKRON, INC. ET AL., APPELLEES AND CROSS-APPELLANTS.

THE STATE, EX REL. PIA PSYCHIATRIC HOSPITALS, INC., D.B.A. PSYCHIATRIC INSTITUTE OF COLUMBUS, APPELLANT, *v.* OHIO CERTIFICATE OF NEED REVIEW BOARD ET AL., APPELLEES.

[Cite as State, ex rel. PIA Psychiatric Hospitals, Inc., *v.* Ohio Certificate of Need Review Bd. (1991), 60 Ohio St. 3d 11.]

(Nos. 90-605 and 90-777—Submitted January 8, 1991—Decided May 15, 1991.)

*Buckingham, Doolittle & Burroughs* and *Thomas W. Hess; Bonner & O'Connell* and *John T. Brennan, Jr.; McDonald, Hopkins, Burke & Haber Co., L.P.A., R. Jeffrey Pollock* and *Dona Arnold,* for appellant PIA Psychiatric Hospitals, Inc. in case No. 90-605.

*Buckingham, Doolittle & Burroughs* and *Thomas W. Hess; Bonner & O'Connell* and *John T. Brennan, Jr.,* for appellant PIA Psychiatric Hospitals, Inc. in case No. 90-777.

*Hahn, Loeser & Parks, Mark E. Staib, Jeffrey D. Van Niel* and *Terry A. Donner,* for appellee and cross-appellant Laurelwood Hospital in case No. 90-605.

*Carlile, Patchen, Murphy & Allison, Donald A. Antrim, Noreen S. Wolff* and *Jay F. McKirahan,* for appellee and cross-appellant Charter Hospital of Akron in case Nos. 90-605 and 90-777.

*Lee I. Fisher,* attorney general; *McCarthy, Palmer, Volkema & Becker* and *William C. Becker, Jr.; Ransier & Ransier* and *Kathleen Hayes Ransier,* for appellee Ohio Department of Mental Health in case Nos. 90-605 and 90-777.

*Bricker & Eckler, Gretchen A. McBeath* and *Scott W. Taebel,* for appellee Harding Hospital in case No. 90-777.

*Per Curiam.* For a writ of mandamus to issue, PIA N.E. and PIA Columbus must show that they are entitled to the CON Review Board's performance of a clear legal duty and that they have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph ten of the syllabus. Therefore, our review must concentrate on two fundamental questions: (1) Does R.C. 3702.58(A), as it existed when the instant applications were filed, apply to the board's review of applications filed pursuant to Section 12 of Am. Sub. H.B. No. 499 (142 Ohio Laws, Part III, 3962) such that it establishes a clear duty for the board to adopt its hearing examiner's report in either the PIA N.E. or PIA Columbus case? and (2) Is an adequate remedy in the ordinary course of law available to either PIA N.E. or PIA Columbus? On the cross-appeals in the PIA N.E. case, we must further decide if the board's failure to issue a final order causes ODMH's decision to take effect and creates a duty for the board to affirm ODMH's decision.

For the reasons that follow, we hold, as the court of appeals did, that the automatic adoption provision of former R.C. 3702.58(A) does not apply to board review of applications filed under Section 12, that Section 12 requires the CON Review Board to issue its own decision on these applications, and that Section 12 affords certificate of need applicants an adequate remedy by way of appeal, providing the board issues a final order. Therefore, we affirm the judgments of the court of appeals.

*Application of Former R.C. 3702.58(A)*

Generally, under the "Certificate

of Need Law," R.C. 3702.51 to 3702.60 and 3702.99, health care providers apply to the Ohio Department of Health ("ODH") for certificates of need to construct new facilities, and the CON Review Board reviews ODH's decision if it is appealed. However, in Section 12 of Am. Sub. H.B. No. 499 (142 Ohio Laws, Part III, 3962, 4062-4065), effective June 30, 1987, the General Assembly provided an alternative certificate of need procedure for child and adolescent psychiatric facilities by which, for a period of thirty days after the bill went into effect, health care providers could apply to ODMH and receive abbreviated review of their applications by ODMH and the CON Review Board. Section 12 provides, in pertinent part:

"*Notwithstanding sections 3702.51 to 3702.60 and 3702.99 of the Revised Code*:

"(A) The Director of Mental Health may grant certificates of need for the establishment, development, and construction of child and adolescent psychiatric facilities pursuant to the conditions and time limits established below. * * *

"* * *

"(D) Within thirty days after the effective date of this section, each applicant intending to develop a facility pursuant to this section shall file a letter of intent with the Department of Health and the Department of Mental Health describing in a summary fashion the proposed project * * *. Within sixty days of the effective date of this section, each applicant shall file a final and complete certificate of need application with the Department of Health and the Department of Mental Health * * *. * * * The Department of Mental Health shall have the sole responsibility and authority for reviewing the applications filed under this section. Within ninety days of the effective date of this section, the Depart-

ment of Mental Health shall hold a public hearing in Franklin County for each health service area for which an application is filed. * * * Within 120 days after the effective date of this section, the Department of Mental Health shall complete its determination of need based upon the applications filed for each health service area and shall issue a decision approving or denying each such application filed under this section. In making its decision, the Department of Mental Health shall review each application comparatively with all other applications filed with respect to each health service area and select the facility or facilities in each health service area based on the criteria set forth in this section, and may issue one or more certificates of need.

"(E) Within fifteen days of receipt of the decision rendered on a certificate of need application pursuant to this section, any affected person may request an adjudication hearing before the Certificate of Need Review Board established under section 3702.57 of the Revised Code, with respect to any application for a certificate of need filed pursuant to this section. * * * The Certificate of Need Review Board shall hold a prehearing conference no later than 20 days after the receipt of the request for an adjudication hearing. The adjudication hearing shall be held no later than 30 days after the date of the prehearing conference. *The Certificate of Need Review Board shall issue its decision with respect to such adjudication hearing at its next scheduled regular or special meeting.* The time period set forth in this section may not be extended except by agreement of all parties. The hearing before the Certificate of Need Review Board shall be conducted in accordance with section 119.09 of the Revised Code * * *.

"(F) The decision of the Certifi-

cate of Need Review Board pursuant to division (E) of this section may be appealed to the Court of Common Pleas of Franklin County, pursuant to Section 119.12 of the Revised Code. * * * The decision of the Court of Common Pleas shall be final and binding, and the parties shall have no further appeal rights.

"(G) *All applications for a certificate of need for the establishment, development, or construction of child and adolescent psychiatric facilities filed during the period beginning on the effective date of this section and ending 120 days thereafter shall be filed and reviewed pursuant to this section.* * * *" (Emphasis added.) 142 Ohio Laws, Part III, 4062-4065.

PIA N.E. and PIA Columbus insist that the "automatic adoption" provision in former R.C. 3702.58(A) also applies to certificate of need applications filed pursuant to the "parallel" procedure in Section 12. They argue, in the main, that Section 12(E) of Am. Sub. H.B. No. 499 and the automatic adoption provision are not inconsistent and, therefore, should be read *in pari materia*. We disagree.

The parties submit that, at the time of the PIA applications, R.C. 3702.58(A) stated, in pertinent part:

"* * * The decision of the [CON Review] board [about the decision of the director of ODH regarding a certificate of need application] shall be issued within thirty days after the expiration of the time for filing objections to the report and recommendation of the hearing examiner under section 119.09 of the Revised Code * * *. The board's decision shall be based upon the record, and shall be considered as the final decision or order of the board. * * * *However, if the board does not issue a decision by the later of thirty days after the expiration of the time for filing objections to the report and recommendation of the hearing examiner* [(ten days after receipt, R.C. 119.09)] *or the expiration of the time limits of any extension of this thirty-day period by the board or by agreement of all parties to the appeal, the recommendation of the hearing examiner shall be considered as the final decision or order of the board. * * *"* (Emphasis added.) 142 Ohio Laws, Part II, 2089.[2]

The argument that Section 12(E) and R.C. 3702.58(A) do not conflict is based on the underlying premise that Section 12 is "silent" about what happens when the CON Review Board does not issue a timely final order on a hearing examiner's report.[3] This premise, however, assumes that the board

[2] Sections 4 and 5 of Am. Sub. H.B. No. 499 provided for the repeal of this statute as well as other parts of the Certificate of Need Law on July 1, 1989. 142 Ohio Laws, Part III, 4059. However, later enactments postponed this repeal until November 15, 1991. See Section 2 of Am. H.B. No. 24 and Sections 6 and 16 of Am. Sub. H.B. No. 332 of the 118th General Assembly. Am. Sub. H.B. No. 332, effective August 5, 1989, also amended R.C. 3702.58(D) to more specifically provide for the CON Review Board's failure to reach a majority vote on approval or disapproval of a hearing examiner's report.

The parties do not dispute that the quoted version of R.C. 3702.58(A) is the relevant version, and we accept their position for the purpose of this appeal. However, we have independently reviewed the various amendments to R.C. 3702.58, and we are not completely convinced that the quoted version applied when the instant applications were filed.

[3] PIA N.E. asserts this premise because the board never made a decision on its appeal. PIA Columbus asserts this premise because the board did not issue a decision on its appeal within the time constraints of R.C. 3702.58(A).

has authority initially to ignore the part of Section 12(E) that requires the board to "issue its decision with respect to such adjudication hearing at its next scheduled regular or special meeting. * * *" We see nothing in Section 12 that permits this result. Thus, while Section 12 is silent about the board's failure to comply with Section 12(E), we do not consider this silence significant.

Furthermore, the conflict between Section 12(E) and R.C. 3702.58(A) is readily apparent to us. The relevant version of R.C. 3702.58(A) provided that if the CON Review Board does not issue a timely decision under the statute, "the recommendation of the hearing examiner shall be considered as the final decision or order of the board." In effect, this statute permitted the board to make a decision by default. Section 12(E), on the other hand, requires the board to "issue its decision * * * at its next * * * meeting." Section 12(E), therefore, mandates action where former R.C. 3702.58(A) did not. Thus, these provisions cannot be reconciled without compromising the uncodified law.

Accordingly, we hold that Section 12 of Am. Sub. H.B. No. 499 and former R.C. 3702.58(A) are in irreconcilable conflict insofar as they concern board review of certificate of need applications. As a result, we further hold that these laws cannot be read in pari materia as urged by PIA N.E. and PIA Columbus.

PIA N.E., however, makes two other arguments in support of its posi-tion. First, PIA N.E. claims that the August 5, 1989 enactment of Section 31 of Am. Sub. H.B. No. 332 shows, in retrospect, the General Assembly's intent for former R.C. 3702.58(A) to supplement Section 12(E). Second, PIA N.E. asserts that Section 31 supersedes Section 12 so that the automatic adoption provision applies notwithstanding Section 12. We are not persuaded by either argument.[4]

Section 31 provides, in pertinent part:

"All appeals pending before the Certificate of Need Review Board on which the hearing has been completed * * * on the effective date of this sec-tion shall be conducted and decided based on sections 3702.51 to 3702.60 and 3702.99 of the Revised Code as they were in effect on June 30, 1989."

PIA N.E.'s appeal is pending before the CON Review Board because the board has not issued a final order in the matter. However, Section 31 does not make the Certificate of Need Law applicable here because Section 12 exempts from these statutes cer-tificate of need applications filed with ODMH. As appellees Charter and Laurelwood point out, Section 12 ex-pressly states that its provisions apply "[n]otwithstanding sections 3702.51 to 3702.60 and 3702.99 of the Revised Code. * * *" "Notwithstanding" means " 'without prevention or obstruction from or by; in spite of.' " State, ex rel. Carmean, v. Hardin Cty. Bd. of Edn. (1960), 170 Ohio St. 415, 422, 11 O.O. 2d 162, 166, 165 N.E. 2d 918, 923. Consistently, Section 12(G)

---

[4] As PIA N.E. did not raise these arguments below, the court of appeals, act-ing in its trial court capacity, did not decide the effect, if any, of Section 31 of Am. Sub. H.B. No. 332 on PIA N.E.'s claim for ex-traordinary relief. Generally, an issue need not be considered on appeal if the issue was apparent at the time of trial and was not raised before the trial court. State v. Awan (1986), 22 Ohio St. 3d 120, 22 OBR 120, 489 N.E. 2d 277, syllabus; Blausey v. Stein (1980), 61 Ohio St. 2d 264, 15 O.O. 3d 268, 400 N.E. 2d 408. Thus, if waiver had been asserted by all appellees in case No. 90-605, we would have considered these arguments waived.

commands that "[a]ll applications for certificates of need * * * [regarding] child and adolescent psychiatric facilities filed * * * [under Section 12] * * * *shall be* * * * *reviewed pursuant to this section.* * * *" (Emphasis added.) Together, these provisions require the conclusion that the General Assembly intended the instant certificate of need applications to be decided under Section 12 and no other law.

Accordingly, Section 12 needs no interpretation here at all, much less one that reasons backward from Section 31 of Am. Sub. H.B. No. 332. By its own unambiguous terms, Section 12 expressly requires the CON Review Board to make its decision on an ODMH certificate of need application at its next meeting after an adjudication hearing. Moreover, Section 12 expressly prevents review of such applications under R.C. 3702.58(A), and Section 31 does nothing to change this. Thus, Section 31 does not superimpose the automatic adoption provision in former R.C. 3702.58(A) on the ODMH certificate of need procedure in Section 12 of Am. Sub. H.B. No. 499, and we so hold.

Similarly, we cannot accept PIA N.E.'s argument that Section 12 no longer applies because of Section 31 of Am. Sub. H.B. No. 332. The parties agree that Section 12 is a special law, and by virtue of its broad application, we consider Section 31 to be a general law. Under R.C. 1.51, a special provision which irreconcilably conflicts with a general provision prevails as an exception to the general provision, "* * * unless the general provision is the later adoption and the manifest intent is that the general provision prevail." Section 31 is the later adoption, but it does not mention Section 12, and the manifest intent of Section 12 is to completely govern the review process for child and adolescent psychiatric facility certificate of need applications filed with ODMH. Accordingly, we hold that Section 31 cannot be read to supersede Section 12, which, contrary to PIA N.E.'s contention, continues to govern the certificate of need application that Section 12 allowed PIA N.E. to file. See R.C. 1.58(A)(1) (reenactment, amendment, or repeal of a statute, except to reduce the punishment for an offense "does not * * * [a]ffect the prior operation of the statute or any prior action taken thereunder") and *Carmean, supra,* at 419, 11 O.O. 2d at 165, 165 N.E. 2d at 921-922 (termination of act by its own terms in no way affects the rights of those who properly commenced proceedings under such act prior to its termination).

### *The CON Review Board's Duty under Section 12*

In the course of deciding whether former R.C. 3702.58(A) applies, we have recognized that Section 12(E) of Am. Sub. H.B. No. 499 requires the CON Review Board to "issue its decision" when reviewing ODMH applications for certificates of need. The court of appeals in the PIA N.E. case held that this requirement created a duty to act that the board had failed to carry out. We agree and, therefore, hold that the board must issue a decision in accordance with Section 12(E).

Cross-appellants' argument that, absent a final order by the board, ODMH's decision denying certificates of need to all applicants continues undisturbed by "operation of law" does not persuade us to hold otherwise. The gravamen of this argument is that the CON Review Board was acting in an appellate capacity when it reviewed PIA N.E.'s appeal from ODMH, and that, like an appellate court, the board "affirmed" ODMH's decision when it did not gather a majority vote to

reverse that decision. See, *e.g., Lex Mayers Chevrolet Co., Inc.* v. *Buckeye Finance Co.* (1959), 169 Ohio St. 181, 8 O.O. 2d 154, 158 N.E. 2d 360 (affirmation of lower court decision where this court was equally divided and could not agree on judgment). Under Section 12(E) of Am. Sub. H.B. No. 499, however, the board is required not only to review ODMH decisions when so requested, but also to conduct adjudication hearings. This means that the board is part of both the review and the fact-finding process in the ODMH certificate of need procedure, and that the board's decisionmaking process is not analogous to that of an appellate court. Therefore, the rule in *Lex Mayers Chevrolet Co., Inc., supra,* does not apply.

### Adequate Remedy

Based on the foregoing, PIA Columbus has failed to establish a clear duty for the CON Review Board to adopt the hearing examiner's report and a clear legal right to this relief. Thus, PIA Columbus is unable to satisfy the first two parts of the mandamus standard. It is also unable to satisfy the last part of the test because Section 12(F) of Am. Sub. H.B. No. 499 provides ODMH certificate of need applicants an R.C. 119.12 appeal. Although PIA Columbus claims this remedy is inadequate, we find paragraph one of the syllabus in *State, ex rel. Willis,* v. *Sheboy* (1983), 6 Ohio St. 3d 167, 6 OBR 225, 451 N.E. 2d 1200, dispositive:

"Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law."

PIA N.E., on the other hand, has satisfied the mandamus standard to the extent that it has shown a right to the board's performance of the duty to issue a final order on the hearing examiner's report regarding PIA N.E.'s application for a certificate of need. Because the board has not fulfilled this responsibility, PIA N.E. has no adequate alternative to the writ. Indeed, absent a final order, PIA N.E. has nothing with which to wage the appeal provided by Section 12(F).

Accordingly, we hold, as the court of appeals did before us, that PIA N.E. is entitled to a limited writ of mandamus ordering the CON Review Board to issue a final order, but that PIA Columbus is not entitled to any relief on its claim for the writ. Therefore, we affirm the court of appeals' judgments in both case Nos. 90-605 and 90-777.

*Judgments affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.