Michael Collins, plaintiff-appellant, appeals a July 16, 1998 judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of Emro Marketing Company et al., defendants-appellees. We reverse.
On September 27, 1995, appellant rode his bicycle to a Bonded gas station located at 1690 South High Street in Columbus, Ohio, to buy a bottle of orange juice. Appellant laid his bicycle to the right of a handicapped ramp, walked ten feet to the service window, and purchased a bottle of orange juice from a gas station clerk. After appellant walked back to his bicycle, he attempted to get on it, but his foot slipped on a substance on the ground in front of the handicapped ramp. Appellant fell onto the concrete, breaking the glass orange juice bottle and causing him to sustain an injury to his left hand. Neither the manager on duty nor the cashier witnessed appellant's fall.
On September 8, 1997, appellant filed his complaint in the Franklin County Court of Common Pleas, alleging negligence on behalf of appellees and requesting damages for the injuries he sustained as a result of appellees' negligence. On October 6, 1997, appellees filed their answers to appellant's complaint.
On February 9, 1998, appellees filed a motion for summary judgment, claiming that appellant could not demonstrate that appellees had either actual or constructive knowledge of a potential hazard at the gas station. On May 15, 1998, appellant filed a memorandum contra, arguing that appellees had actual and/or constructive notice of the hazard. Appellees filed a reply to appellant's memorandum contra on May 26, 1998.
On July 16, 1998, the trial court granted appellees' motion for summary judgment, finding that the slippery substance was an open and obvious danger and appellees had neither constructive nor actual notice of the slippery substance. Appellant appeals this decision and entry granting summary judgment to appellees.
Appellant asserts the following two assignments of error.
 I. THE TRIAL COURT ERRED WHEN IT HELD THAT AN OIL SPILL IS AN OPEN AND OBVIOUS DANGER BECAUSE DEFENDANTS INCORRECTLY RAISED THE ISSUE IN THEIR REPLY BRIEF.
 II. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' SUMMARY JUDGMENT WHEN THERE WERE GENUINE ISSUES OF FACT AS TO WHETHER DEFENDANTS HAD ACTUAL AND CONSTRUCTIVE KNOWLEDGE OF THE OIL SUBSTANCE.
In both assignments of error, appellant contends that the trial court erred by awarding summary judgment to appellees when genuine issues of material fact exist in the record. On an appeal from the granting of summary judgment, our review isde novo. The same standard as articulated in Civ.R. 56 is applied on appeal to determine whether summary judgment was appropriate. Hounshell v. American States Ins. Co. (1981),67 Ohio St.2d 427, 433. Under Civ.R. 56, summary judgment is appropriate only when the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64. Summary judgment is not to be rendered unless it appears from the evidence that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56(C). The nonmoving party is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56(C); see, also, Williams v. First UnitedChurch of Christ (1974), 37 Ohio St.2d 150.
Appellant argues in his first assignment of error that the trial court erred in granting summary judgment on the basis of the substance being an open and obvious danger because appellees improperly raised the issue for the first time in their reply brief. Appellant claims that allowing appellees to raise this issue for the first time in their reply brief is tantamount to "the award of summary judgment by ambush." Appellees assert that appellant raised the issue of open and obvious danger in his memorandum contra when he stated that the area in which he fell contained "a large oil spot" and "a large, black mark." (Emphasis sic.) Thus, appellees argue, they were permitted to respond to appellant's argument in their reply brief.
Loc.R. 12.02 of the Court of Common Pleas of Franklin County, Ohio, provides that "[r]eply briefs * * * shall be restricted to matters in rebuttal." However, a review of the record from the trial court reveals that appellant did not object to appellees' reply brief or to the fact that the open and obvious danger issue was raised in the reply brief. It is well-settled that issues not raised in the trial court need not be considered on appeal. See State ex rel. PIA PsychiatricHospitals, Inc. v. Ohio Certificate of Need Review Bd. (1991),60 Ohio St.3d 11, 17, fn. 4; Van Camp v. Riley (1984), 16 Ohio App.3d 457,463, citing Republic Steel Corp. v. Bd. of Revisionof Cuyahoga Co. (1963), 175 Ohio St. 179. Accordingly, appellant is now precluded from asserting this argument for the first time on appeal. McCarthy, Lebit, Crystal Haiman Co.,L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613;Cleveland v. Assn. of Cleveland Fire Fighters, Local 93,Internatl. Assn. of Fire Fighters (1991), 73 Ohio App.3d 220. We note that appellant, after possibly anticipating appellees' raising the issue of open and obvious danger in their reply, stated in his memorandum contra that he reserved the right to object to any issues raised in the reply memorandum that were not presented in appellees' original motion. Despite being aware that his statements in his memorandum contra could prompt appellees to address the open and obvious danger issue in their reply, appellant never objected or raised the issue to the trial court. Further, appellant failed to object with regard to this issue despite a two-month lag between the filing of appellees' reply brief and the trial court's decision and entry. Thus, we find that appellant had ample opportunity to move to strike or raise an objection on this issue before the trial court but failed to do so. Further, appellant was aware of the possibility that appellees would raise the issue of open and obvious danger in their reply, thereby negating appellant's contention that the trial court's decision was "summary judgment by ambush."
Alternatively, appellant argues that if we find the issue of open and obvious danger was properly before the trial court, there remain genuine issues of material fact as to whether the substance in question was an open and obvious danger. In order to recover in a negligence action, appellant was required to demonstrate that: (1) appellees had a duty to protect appellant from injury; (2) appellees breached that duty; and (3) appellees' breach of that duty proximately caused appellant's injuries. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,646.
Under the common law of premises liability, the status of a person who enters upon the land of another defines the scope of the legal duty owed by the responsible party. Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 417. Appellant was on appellees' premises to buy orange juice from their store and was a business invitee. Appellees owed appellant a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn him of any latent dangers upon the premises. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, appellees had no duty to warn appellant of any dangers that were so "open and obvious" that he could have reasonably discovered the dangers on his own. SeeJackson v. Kings Island (1979), 58 Ohio St.2d 357 (business invitees are owed a duty to be warned of dangerous conditions known to, or reasonably ascertainable by the owner, which the invitee is not expected to discover by himself). In explaining the "open and obvious" doctrine, the court in Simmers stated:
 The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.
Simmers at 644 (citation omitted).
The trial court relies largely on one case, Preble v.Superamerica (Oct. 20, 1995), Sandusky App. No. S-94-033, unreported, in finding that the oil accumulation in the present case was an open and obvious danger. In Preble, the plaintiff slipped and fell in an accumulation of oil when she was walking across the blacktop of a gas station parking lot after purchasing some items in the gas station store. In finding the accumulation of oil on the gas station lot was an open and obvious danger, the court in Preble explained:
 In the present case, the oil spot was not located on the sidewalk or in the cashier area where customers might not expect or be able to avoid such a hazard, nor was it hidden. * * * Moreover, even if appellant failed to observe the spot prior to her fall, in our view, she should have been aware of the possibility of encountering such a danger. Appellant's fall occurred in an area of a gas station upon which vehicles park and where it would be reasonable to expect to encounter small amounts of oil or other automotive fluids. Therefore, the record shows that not only was the oil spot open and obvious, but also that it was a danger which could have been reasonably expected in the area where appellant's fall occurred.
The trial court, as well as the court in Preble, also relies on Condorodis v. Allright Cincinnati, Inc. (Aug. 23, 1995), Hamilton App. No. C-940882, unreported, in finding that the oil spill in the present case was an open and obvious danger. InCondorodis, the court found that an oil accumulation on the floor of a parking garage was an open and obvious danger. However, the court in Condorodis was careful to point out that its holding was limited to the specific facts and record in that case. The court noted that "[t]here may well be instances where oil is not open and obvious, as in unlit areas, hidden slippery spots, or areas without vehicle traffic." Condorodis,supra (emphasis added).
We find the facts in Preble and Condorodis to be distinguishable from those in the present case. In both Preble
and Condorodis, the oil accumulations where the plaintiffs' falls occurred were in areas upon which vehicles parked and where it would be reasonable to expect to encounter small amounts of oil or other automotive fluids. In Preble, the court specifically pointed out that the oil spot was not located on the sidewalk or in the cashier area where customers may not expect such a hazard or be able to avoid it.
In the present case, the record illustrates that reasonable minds could come to the conclusion that the oil accumulation was located in an area where a customer might not expect oil to be located. When construing the testimony and photographs in a light most favorable to appellant, reasonable minds could conclude that the oil accumulation was located in an area that more resembled a sidewalk or cashier area, where a customer would not expect oil to accumulate. Appellees do not dispute that appellant fell at the base of a handicapped ramp. The photographs attached to appellant's memorandum contra also show the area in which appellant fell was at the base of the handicapped ramp. The cashier window from which appellant purchased the orange juice is only a few feet from the top of the handicapped ramp. Robert Hottman, a district manager for Speedway/Superamerica, L.L.C., and Tina Ferrell, the employee working at the time of appellant's fall, both testified that most customers walked up the ramp to pay at the customer service window. Thus, reasonable minds could conclude that the area upon which the oil was located was a walkway or sidewalk that was to be used by customers to approach the cashier window and, thus, was not an area where customers would expect oil to be located.
Further, the record illustrates that reasonable minds could come to the conclusion that the oil accumulation was not located in an area where vehicles park or traverse and, thus, that it was located in an area where a customer might not expect oil to be. Because the oil was at the base of a handicapped ramp and the ramp was inclined, reasonable minds could conclude that customers would not expect vehicular traffic to drive over it or park on it. Greg Krahn, the gas station's manager, testified that nobody drives on that portion of the walkway and ramp. Mr. Hottman also testified in his deposition that he did not think that a car could drive close enough to the ramp or park on the ramp in order to deposit oil or fluids in that location. Thus, given this testimony, reasonable minds could come to the conclusion that the oil accumulation was not located in an area where vehicles park or traverse and, thus, it was located in an area where a customer might not expect oil to be.
Therefore, we find that there remain genuine issues of material fact as to whether the area where the oil accumulation was located was on a sidewalk or walkway or in an area where automobiles do not park or traverse and, thus, in an area where customers would not expect to encounter oil. Reasonable minds could conclude that the oil accumulation was not an open and obvious danger. Appellant's first assignment of error is sustained.
Appellant argues in his second assignment of error that the trial court erred in granting summary judgment when there were genuine issues of material fact as to whether appellees had actual or constructive notice of the existence of the substance. A business invitee must show in a slip and fall negligence case against a proprietor that: (1) the proprietor caused the hazard; or (2) the proprietor or one of its employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (3) the danger presented by the hazard had existed for a reasonably sufficient time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. Anaple v. Standard Oil Co. (1955),162 Ohio St. 537, paragraph one of the syllabus; Johnson v. WagnerProvision Co. (1943), 141 Ohio St. 584, 589; Combs v. FirstNatl. Supermarkets, Inc. (1995), 105 Ohio App.3d 27. A plaintiff may establish constructive notice of a substance on a floor by showing the length of time the substance had been on the floor. Presley v. Norwood (1973), 36 Ohio St.2d 29, 32;Combs at 30.
Neither party alleges that appellees caused the substance to be on the ground. Therefore, we must determine whether appellees had actual or constructive notice of the existence of the substance on the ground.
The trial court found that appellant presented no evidence that appellees had actual knowledge of the oily substance. We agree. No employees or managers testified that they knew there was oil in the area where appellant fell. Mr. Krahn, Ms. Ferrell, Mr. Hottman, and Jacqueline Hess, an employee at the gas station, all testified that they believed that the dark spot on the lot was created at the time of appellant's fall as the result of the broken orange juice bottle. Mr. Hottman, who believed he had been to the store within the seven-day period before appellant fell, further testified that the dark spot at the base of the handicapped ramp had probably not been there the last time he was at the gas station, though he was not certain. In addition, appellant testified that he did not know whether Ms. Hess or Mr. Krahn had knowledge of the oily substance prior to his falling. After reviewing the record and the evidence, we find that appellant failed to demonstrate that appellees had any prior knowledge of the oily substance. Thus, reasonable minds could only conclude that appellees had no actual notice of the oily substance on the ground. Therefore, appellant's second assignment of error as it relates to the issue of actual notice is overruled.
Appellant also argues in his second assignment of error that there remains a genuine issue of material fact as to whether appellees had constructive notice of the oily substance. Clearly, a business owner is not an insurer of the safety of business invitees. However, the owner of premises is "liable to an invitee for injuries caused by latent defects when the owner knows, or in the exercise of ordinary care should have known, about the hazard for a time sufficient to correct the defect.Presley v. Norwood (1973), 36 Ohio St.2d 29, 31; see, also, Restatement of the Law 2d, Torts (1965) 215, Section 343."Tarkany v. Bd. of Trustees of Ohio State Univ. (June 4, 1991), Franklin App. No. 90AP-1398, unreported (1991 Opinions 2568, 2570). Further, a business owner must inspect the premises to discover possible dangerous conditions, taking reasonable precautions to protect the invitee from such dangers. Perry v.Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 52. An owner will be found to have constructive knowledge of defects that would have been revealed by a reasonable inspection of the premises. Shetina v. Ohio University (1983), 9 Ohio App.3d 240;State Farm Mut. Auto. Ins. Co. v. Chatham Dev. Corp. (June 6, 1995), Franklin App. No. 94APE08-1243, unreported (1995 Opinions 2372, 2378) citing McFall v. Youngstown State Univ.
(June 11, 1992), Franklin App. No. 91AP-1357, unreported (1992 Opinions 2404, 2406). "What is reasonable under the circumstances of a given case is ordinarily a question for the trier of fact." Tarkany at 2571-2572. See, also, Gibbs v.Village of Girard (1913), 88 Ohio St. 34, paragraph four of the syllabus.
Although there was little direct evidence as to how long the oil had been on the ground, appellant also asserts that appellees had no type of regular inspection program and that the type of "procedure" that appellees did use was extremely inadequate. Thus, this court must ascertain whether or not a reasonable trier of fact could find that appellees failed to conduct a reasonable inspection, and whether or not appellees are deemed to have constructive knowledge of the oil accumulation and therefore had a duty to warn appellant of the existence of the oily substance on the ground. As stated by this court in Tarkany, "The specific acts necessary to fulfill the duty imposed as well as the inferences and conclusions to be drawn from the evidence are ordinarily questions for the trier of fact." Tarkany at 2570.
Mr. Hottman and Mr. Krahn both admitted in their depositions that they knew that customers would spill oil onto the surface of the parking lot while adding oil to their cars. Further, Mr. Hottman stated that customers' cars leaked oil onto the lot. Mr. Krahn also admitted that a lot of cars leaked oil at that particular gas station and in that particular area, stating, "We — right, a lot of those [cars] leak oil. * * *" Mr. Hottman also testified that he considered oil spills as potential dangerous conditions when they were in the area of the customer service windows because of the danger of a customer slipping and environmental concerns. However, even with this knowledge of the propensity of oil to be spilled on the lot and knowledge of the dangers of such spills, Mr. Krahn testified that there was no regular inspection program for checking the lot for spilled or leaked oil. Mr. Krahn did testify that he checked the lot when walking to and from his car, but he further stated that he did not perform any inspections in any regular intervals or according to a schedule. Although Mr. Hottman testified that the gas station lots were to be routinely inspected for oil spills whenever the trash was emptied or the merchandise carts were moved in or out, Mr. Krahn's testimony contradicted Mr. Hottman's claim. In addition, although Mr. Krahn stated that "maybe" he had been out on the lot at some time before the incident, he specifically testified that he did not personally remember going out on the lot before appellant fell.
Given the testimony and evidence in this case, and construing it in favor of appellant, we find that a reasonable trier of fact could conclude that the accumulation was a latent defect that appellees should have known about. Therefore, there remains a genuine issue of material fact as to whether their failure to warn appellant constituted a breach of duty. For this reason, we find that the trial court's granting of summary judgment was improper insofar as reasonable minds could conclude that appellees could be charged with constructive knowledge of the oil accumulation and a corresponding duty to warn. Appellant's second assignment of error as it relates to constructive knowledge is hereby sustained.
Accordingly, appellant's first assignment of error is sustained, appellant's second assignment of error is sustained in part and overruled in part, and the judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part and remanded to the trial court for disposition according to this opinion.
Judgment affirmed in part; reversed in part; cause remanded.
BOWMAN and TYACK, JJ., concur.