DECISION.
{¶ 1} Plaintiff-appellee/cross-appellant, Preload, Inc., entered into a contract to provide services and materials for a portion of the construction of the water-works project known as the Harrison Avenue Pumping Station and Reservoir. The defendant-appellant/cross-appellee, the City of Cincinnati, had issued a bid package, parts A through E, for the entire construction project. Bid package A concerned the general contractor, which was defendant-appellee/cross-appellant R.E. Schweitzer Construction Company.[1] As the general contractor, R.E. Schweitzer was to manage and coordinate packages B through E. Bid package E, which concerned reservoir construction, including tank installation, was Preload's portion of the project.
 {¶ 2} Because of construction disputes concerning bid package E, Preload filed a complaint against R.E. Schweitzer, International Fidelity, and Cincinnati claiming, among other things, that it was owed $41,606.60. In an amended complaint, Preload sought $57,056.60, plus interest, reasonable attorney fees and costs. R.E. Schweitzer and International Fidelity filed a cross-claim against Cincinnati seeking indemnification for any damages that might be assessed against them. In addition, R.E. Schweitzer claimed that Cincinnati owed it $3,894 for underdrain work and $35,648 for out-of-scope backfill work.
 {¶ 3} A trial to the court commenced on October 9, 2003. Following the trial, the court entered judgment in favor of Preload in the amount of $40,856.60 (Preload had received during the litigation a $16,200 payment towards its claimed damages), but the court refused to award interest, attorney fees, and expenses. R.E. Schweitzer was awarded damages of $35,648 for the disputed backfill work it had performed, but it received nothing for the underdrain work.
 {¶ 4} On appeal, Cincinnati contends that the trial court erred in holding that its contract with R.E. Schweitzer was ambiguous and that it owed $35,648 to R.E. Schweitzer as a result of the ambiguity. R.E. Schweitzer contends that the trial court erred in finding that backfill work was not within the scope of Preload's contract and that Schweitzer had failed to excavate to a proper level and, therefore, had to bear underdrain costs resulting from improper excavation. And Preload raises two assignments of error: that the trial court erred (1) by not awarding 18 percent interest on its judgment of $40, 856.60, pursuant to R.C. 4113.61, as well as attorney fees and costs, and (2) by not awarding prejudgment interest pursuant to R.C.1343.03.
 {¶ 5} This litigation is typical of the disputes among parties who have drafted contracts without the assistance of legal counsel. When confronted with an issue of contractual interpretation, the role of the court is to give effect to the intent of the parties to the agreement.[2] Where a contract is clear and unambiguous, its interpretation is a matter of law.[3] In such a case, the standard of review is de novo.[4] But if a contract is ambiguous, the meaning of its terms raises questions of fact, and the trial court's interpretation should not be overturned on appeal absent a showing that the court abused its discretion.[5] It is generally the role of the trier of fact to resolve any ambiguity.[6] A contract is ambiguous if its terms are susceptible to more than one reasonable interpretation.[7]
And where there is ambiguity in a contract, it must be strictly construed against the party who prepared it.[8] We must indulge every reasonable presumption in favor of the trial court's judgment and its underlying findings of fact, and if the evidence is susceptible to more than one interpretation, we must give deference to the trial court's credibility determinations.[9]
 {¶ 6} According to its contract with Cincinnati, R.E. Schweitzer was to excavate for a reservoir and pump station at an original level of 693.5 feet above sea level. But, according to two different employees, Cincinnati, subsequent to the bid submission, changed the excavation depth to 692 feet based on soil conditions in the field in order to have the construction rest on a more solid and level base. This precipitated other problems. Proper drainage to avoid having ground water trapped under a water tank was essential to maintain structural integrity. While rock removal was required to assure a level base, use of granular fill was to be minimized to assure stability. For whatever reason, R.E. Schweitzer excavated deeper than 692 feet in one spot. Because of the low spot, Cincinnati chose to address drainage concerns through what it viewed as a more economical underdrain redesign, rather than by further excavation.
 {¶ 7} Cincinnati issued several addenda modifying drawings and the scope of the work. The third addendum deleted the words "tank backfill" from a portion of Preload's contract. But a witness for Preload noted that it typically provided structural backfill underneath a water tank. The witness distinguished structural backfill beneath a tank from backfill resting against the tank sides and from backfill above the tank. So although tank backfill was apparently deleted from its scope of work, Preload nevertheless performed that work. R.E. Schweitzer submitted an exhibit purporting to show that another contractor that had bid on the contract awarded to Preload still considered backfill within its scope despite the third addendum. Several other witnesses appearing on behalf of Preload thought otherwise. R.E. Schweitzer clearly did not distinguish among types of tank backfill. Moreover, several different bid packages included the same terms, such as excavating, backfilling, and trenching, all without further definition.
 {¶ 8} After reviewing the record, we agree with the trial court that the bid packages at issue, including their addenda, were ambiguous. Thus, Cincinnati's assignment of error, which asserts that the trial court erred in finding that the contract was ambiguous and required payment of $35,648 to R.E. Schweitzer for disputed backfill work, is overruled. Similarly, R.E. Schweitzer's assignments of error, which assert that the trial court erred in not finding that the backfill work should have been performed by Preload and that Schweitzer had to absorb the $3,894 cost resulting from Cincinnati's underdrain redesign, are overruled. Preload's assignment of error concerning the failure to be awarded interest, pursuant to R.C. 1343.03, poses an issue that was not addressed below; therefore, it will not be addressed for the first time on appeal.[10] And, with respect to Preload's assignment of error concerning the failure to be awarded interest pursuant to R.C. 4113.61, attorney fees, and costs, the statute provides in part that the contractor "may withhold amounts that may be necessary to resolve disputed liens or claims involving the work or labor performed or material furnished by the subcontractor."[11] As we agree with the trial court that an ambiguity gave rise to legitimate disputes regarding contract performance among the parties, we overrule Preload's claim that it was entitled to payments pursuant to R.C.4113.61.[12] Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., and Gorman, J., concur.
[1] Defendant-appellee/cross-appellant International Fidelity Insurance Company was the surety for the project.
[2] See Hamilton Ins. Serv. Inc. v. Nationwide Ins. Cos.,86 Ohio St.3d 270, 273, 1999-Ohio-162, 714 N.E.2d 898, citingEmployers' Liab. Assur. Corp. v. Roehm (1919), 99 Ohio St. 343,124 N.E. 223, syllabus.
[3] See Nationwide Mut. Fire Ins. Co. v. Guman Brothers Farm,73 Ohio St.3d 107, 108, 1995-Ohio-214, 652 N.E.2d 684; OhioHistorical Soc. v. Gen. Maintenance Engineering Co. (1989),65 Ohio App.3d 139, 146, 583 N.E.2d 340.
[4] See Nationwide Mut. Fire Ins. Co. v. Guman Brothers Farm,
supra.
[5] See Ohio Historical Soc. v. Gen. Maintenance EngineeringCo., supra, at 146-147.
[6] See Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,220, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 13.
[7] See United States Fid. Guar. Co. v. St. Elizabeth Med.Ctr. (1998), 129 Ohio App.3d 45, 55, 716 N.E.2d 1201.
[8] See McKay Machine Co. v. Rodman (1967), 11 Ohio St.2d 77,80, 228 N.E.2d 304.
[9] See Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
[10] See State ex rel. PIA Psychiatric Hospitals, Inc. v. OhioCertificate of Need Review Bd. (1991), 60 Ohio St.3d 11, 17,573 N.E.2d 14, fn. 4; Stores Realty Co., v. Cleveland (1975),41 Ohio St.2d 41, 43, 322 N.E.2d 629.
[11] See R.C. 4113.61(A)(1); Consortium Communications v.Cleveland Telecommunications, Inc. (Feb. 10, 1998), 10th Dist. No. 97APG08-1090.
[12] See, id.; Soloman v. Excel Marketing, Inc. (1996),114 Ohio App.3d 20, 30-31, 682 N.E.2d 724.