HAMILTON INSURANCE SERVICES, INC. ET AL., APPELLEES,
v. NATIONWIDE INSURANCE COMPANIES, APPELLANT.

[Cite as *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.* (1999), 86 Ohio St.3d 270.]

(No. 98–405—Submitted April 21, 1999 at the Hardin County
and Ohio Northern University Law School Session—
Decided September 1, 1999.)

*Inscore, Rinehardt, Whitney & Enderle* and *Larry L. Inscore,* for appellees.

*Arter & Hadden, L.L.P.,* and *Irene C. Keyse–Walker; Lutz & Oxley* and *Fred M. Oxley,* for appellant.

*Kerger & Kerger, Richard M. Kerger* and *Jessica C. Kerger,* urging affirmance for *amicus curiae,* Nationwide Insurance Independent Contractors Association.

*Spater, Gittes, Schulte & Kolman, Frederick M. Gittes* and *Kathaleen B. Schulte,* urging affirmance for *amici curiae,* Ohio Employment Lawyers Association, Ohio Academy of Trial Lawyers, Ohio Chapter of the National Association of State Farm Agents, and Cincinnati Employment Lawyers Association.

*Crabbe, Brown, Jones, Potts & Schmidt, Larry H. James* and *Amy Fulmer Stevenson,* urging reversal for *amici curiae,* Ohio Chamber of Commerce and the Ohio Association of Civil Trial Attorneys.

---

MOYER, C.J. The principal issue in this case is whether the Corporate Agency Agreement, which governed the relationship between Nationwide and Hamilton at the time of Nationwide's termination of the relationship, was clear and unambiguous, thus allowing Nationwide to terminate the agreement with or without cause. The trial court and the court of appeals determined that the contract was ambiguous and, therefore, allowed Hamilton to present additional evidence to support his contention that the Corporate Agency Agreement was terminable only for just cause. For the reasons that follow, the judgment of the court of appeals is reversed.

In construing the terms of any contract, the principal objective is to determine the intention of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920, 923. Generally, contracts should be construed in a manner to give effect to the intentions of the parties. *Id.,* citing *Employers' Liab. Assur. Corp. v. Roehm* (1919), 99 Ohio St. 343, 124 N.E. 223, syllabus; *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O 2d 321, 313 N.E.2d 374, paragraph one of the syllabus. We apply these basic principles to determine the intent of the parties in order to establish the terms of the Corporate Agency Agreement.

When the terms included in an existing contract are clear and unambiguous, we cannot create a new contract by finding an intent not expressed in the clear and unambiguous language of the written contract. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 246, 7 O.O.3d 403, 406, 374 N.E.2d 146, 150. Here, paragraph nine of the Corporate Agency Agreement clearly provides that "the Agency or Nationwide have the right to cancel this Agreement at any time with or without cause." This section further provides that "the Agency shall have access to the Agents Administrative Review Board, and its procedures, as may exist from time to time."

Hamilton argues that the Corporate Agency Agreement was not clear and unambiguous. We do not agree. The contract clearly states that either party may cancel the agreement "with or without cause." The agreement does provide that the Agent shall have access to the Agent's Administrative Review Board. In addition, assuming the admissibility of the employee handbook, the "Contractual Stability" section in that handbook enumerates several reasons for which the Agent's Agreement may be cancelled. These reasons include breach of contract, criminal acts, dishonesty, and fraud, and "[a]ctions clearly contrary to the best interests of customers and the Company."

While the handbook outlines several reasons for terminating the Agent's Agreement for just cause, and the handbook, as well as the Corporate Agency Agreement itself, refers to an administrative board that may review the performance of agents, these provisions are not inconsistent with the provision in the Corporate Agency Agreement allowing either party to terminate the contract without cause. Instead, we find that the Contractual Stability section of the employee handbook and the reference to an Agent's Administrative Review Board in both the Corporate Agency Agreement and the employee handbook merely detail several reasons for which the agreement may be terminated. However, this does not imply that either party may not terminate the agreement at any time with or without cause.

Hamilton's assertion that the Corporate Agency Agreement is terminable only for cause is inconsistent with the clear wording of the agreement. There can be no implied covenants in a contract in relation to any matter specifically covered by the written terms of the contract itself. *Kachelmacher v. Laird* (1915), 92 Ohio St. 324, 110 N.E. 933, paragraph one of the syllabus. The agreement of parties to a written contract is to be ascertained from the language of the instrument itself, and there can be no implication inconsistent with the express terms thereof. *Latina v. Woodpath Dev. Co.* (1991), 57 Ohio St.3d 212, 214, 567 N.E.2d 262, 264. Here, to infer that termination may be based only upon just cause would directly contradict the express terms of the Corporate Agency Agreement. Furthermore, the integration clause in the agreement provides that "this Agreement may be changed, altered, or modified only in writing signed by Agency and an officer of Nationwide." Therefore, we find that the Corporate Agency Agreement was terminable by either party with or without cause. Therefore, Nationwide did not breach the terms of the agreement when it terminated the contract in April 1994.

In addition to finding that the Corporate Agency Agreement was ambiguous, the trial court found that the noncompetition clause contained in the agreement was unconscionable. The court of appeals disagreed with the ruling of the trial court, finding that the clause was reasonable. However, because the court of appeals found that Nationwide had breached the terms of the Corporate Agency Agreement, it held that the noncompetition clause was unenforceable. Based upon our finding that Nationwide did not breach the terms of the Corporate Agency Agreement, we must look to the terms of the noncompetition clause to determine if it is valid and enforceable.

A noncompetition clause is reasonable if the restraint is no greater than necessary for the protection of the employer, does not place undue hardship on the employee, and is not injurious to the public. *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544, paragraph two of the syllabus.

Here, the clause in question contained a restriction disallowing competition within a twenty-five-mile radius and one year of termination. We agree with the determination of the court of appeals that this is a reasonable restriction. Therefore, we conclude that Nationwide did not breach the Corporate Agency Agreement and hold that the noncompetition clause is valid and enforceable.

For the reasons set forth in this opinion, the judgment of the court of appeals is reversed.

*Judgment reversed.*

Douglas, Cook and Lundberg Stratton, JJ., concur.

Resnick, F.E. Sweeney and Pfeifer, JJ., dissent.

———————

**Alice Robie Resnick, J., dissenting.** I would affirm the judgment of the court of appeals.

F.E. Sweeney and Pfeifer, JJ., concur in the foregoing dissenting opinion.