OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Nelson Llewellyn, appeals from a final judgment of the Warren Municipal Court rendered in favor of appellee, Kent T. Jones. For the reasons that follow, we affirm the judgment of the trial court.
The record shows that appellant is the surviving spouse of Elizabeth J. Llewellyn ("Llewellyn") who died on October 7, 1997. Under the terms of her will, Llewellyn devised her residence in Warren, Ohio, to appellee as trustee for Clark Thomas Jones, Grant Tyler Jones, and Morgan Page. At the same time, appellant was given a life estate in the home and the personal property contained therein, subject to certain restrictions.
On February 6, 1998, appellant entered into an agreement with the executor of Llewellyn's estate for the lifetime use of the home. According to this agreement, appellant was responsible for, among other things, paying "all real estate taxes and assessments" during the time he lived there.
Appellant moved out of the residence on September 27, 1999. On Mach 16, 2000, appellee filed a small claims action in the Warren Municipal Court against appellant for $1,093.32, alleging that appellant owed him money for the property taxes that had accrued from January 1, 1999 to the day appellant vacated the premises.
The case was referred to a magistrate who issued a decision on May 15, 2000. In this decision, the magistrate found from the evidence submitted that appellant owed taxes on the property up to the date he left. Thus, the magistrate concluded that appellee was entitled to $1,093.24.
Appellant filed timely objections to the magistrate's decision on May 24, 2000. In a judgment entry dated June 7, 2000, the trial court affirmed the decision of the magistrate and entered judgment in favor of appellee.
From this decision, appellant filed a notice of appeal with this court. After looking at the trial court's June 7, 2000 judgment entry, we determined that the decision was unclear with respect to how the court ruled on appellant's objections to the magistrate's decision and with regard to whether or not the magistrate's decision was adopted. As a result, we remanded the matter to the trial court for the purpose of issuing a nunc pro tunc entry clarifying the foregoing issues. The trial court complied with our request, and the case proceeded according to rule. Appellant now raises the following assignment of error for our review:
 "The trial court erred by awarding judgment for Plaintiff-Appellee where the written agreement of the parties is unclear as to the payment of real estate taxes."
 In his sole assignment of error, appellant argues that while the trial court correctly found that property taxes are normally prorated, the parties' agreement does not address the issue of how taxes were to be paid. Specifically, appellant maintains that the agreement is unclear and ambiguous because it could be construed as requiring him to pay the property taxes as he received the bills, or in the alternative, it could be interpreted to mean that he was obligated to pay the taxes when they actually became due one year later. Accordingly, appellant believes that the trial court erred in granting judgment in favor of appellee without taking parol evidence relating to the parties' intent.
In Lake Cty. Bd. of Commrs. v. Consumers Ohio Water Co. (Dec. 22, 2000), Lake App. No. 99-L-092, unreported, at 9-11, 2000 Ohio App. LEXIS 6109, this court set forth the following rules regarding the construction of a contract:
 "A court's primary objective in interpreting a written contract is to ascertain the intent of the parties as expressed in the terms of the agreement. Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos. (1998), 86 Ohio St.3d 270, 273 * * *; Berger v. Am. Bldg. Inspection, Inc. (May 2, 1997), Lake App. No. 96-L-114, unreported, [at 10], 1997 Ohio App. LEXIS 1794 * * *. Thus, a contract should be construed in a manner to give effect to the intentions of the parties. Hamilton Ins. Serv. at 273.
 "`The agreement of parties to a written contract is to be ascertained from the language of the instrument itself, and there can be no implication inconsistent with the express terms thereof.' [Id.] at 274, citing Latina v. Woodpath Dev. Co. (1991), 57 Ohio St.3d 212, 214 * * *. See, also Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, * * * paragraph one of the syllabus; Convenient Food Mart, Inc. v. Con. Inc. (Sept. 30, 1996), Lake App. No. 95-L-093, unreported, [at 9], 1996 Ohio App. LEXIS 4338 * * * (`The intent of the parties is presumed to reside in the language employed in the agreement.').
 "Moreover, if a contract is clear and unambiguous, then its interpretation is a matter of law, and there is no issue of fact to be determined. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 245-246 * * *; Davis v. Safe Auto Ins. Co. (Mar. 31, 2000), Ashtabula App. No. 98-A-0103, unreported, [at 12], 2000 Ohio App. LEXIS 1385 * * *. However, if a provision cannot be determined from the four corners of the agreement, a factual determination of intent may be necessary to ascertain the provision's meaning. Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322 * * *; Yardmaster, Inc. v. Kish (Sept. 25, 1998), Trumbull App. No. 97-T-0160, unreported, [at 4-5]. 1998 Ohio App. LEXIS 4543 * * *.
 "In making such a factual determination, the court may use extrinsic evidence to facilitate the inquiry. Kelly at 132. Extrinsic evidence, however, is inadmissible when it is sought to contradict the express terms of the written agreement. Shifrin v. Forest City Ent., Inc. (1992), 64 Ohio St.3d 635, 638
* * * (`If no ambiguity appears on the face of the instrument, parole evidence cannot be considered in an effort to demonstrate such an ambiguity.'); Yardmaster at 5." (Parallel citations omitted.)
 Applying those well-established principles to the case at bar, we must determine whether the parties' agreement is unclear or ambiguous with respect to the payment of property taxes. After reviewing the agreement, we conclude that the parties clearly intended for appellant pay the taxes on the home during the entire time he lived there, and not just as he received the bills.
While appellant is correct insofar as proration is not specifically mentioned, it is consistent with the intent of the parties as expressed in the clear and intelligible language of the agreement. Moreover, we find nothing in the agreement that would justify a contrary interpretation. Accordingly, the only conclusion that can be drawn is that the parties intended to have appellant pay the property taxes for the time he actually lived in the home. Obviously, this would include any time for which he occupied the residence but had yet to receive a tax bill. Thus, because property taxes are collected after they accrue, appellant would logically be required to prorate the amount for any partial year he lived in the home. To imply that appellant would only be responsible for the tax bills he received while in the home would directly contradict the intent of the parties as expressed throughout the agreement.
Therefore, despite the fact that the agreement was less than a model of clarity, we conclude that the trial court properly entered judgment in appellee's favor without first considering parol evidence. Appellant's sole assignment of error has no merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
______________________________________ JUDITH A. CHRISTLEY
O'NEILL, P.J., GRENDELL, J., concur.