OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas. Appellants, James C. Perhavec and Maria Lanphier, appeal the trial court's September 3, 2003 judgment in favor of appellees, William and Margitta Rosnack.
 {¶ 2} The following facts were elicited at trial. On October 31, 2002, appellees listed their property for sale through a local realty company. Appellants were shown the property and eventually entered into purchase negotiation. The parties settled on the purchase price of $333,000. A real estate purchase agreement was signed by appellants on November 13, 2002 and, subsequently, by appellees on November 21, 2002. Appellants deposited $2,000 in earnest money in escrow. As part of the purchase agreement, the parties agreed that closing would take place on March 27, 2003, in order to allow appellants to move into the property after the worst of the winter weather had subsided.
 {¶ 3} After the purchase agreement had been executed, appellants contacted a mortgage broker to arrange financing for purchasing the property. Appellants had worked with this broker in the past. The broker, Neil Finucun, advised appellants that the closing date had been set too far in advance to enable appellants to lock in a low interest rate without paying additional fees. Finucun recommended appellants wait until after January 1, 2003, to apply for the loan. Appellees were never informed of appellants' decision to defer the loan application process.
 {¶ 4} On January 6, 2003, appellants began the loan application process and submitted all necessary documents to Finucun. The loan amount was $265,000 for fifteen years, at an interest rate of 5.375 percent. Appellees contacted their realtor, concerned that no information on the status of appellants' loan application had been forwarded to them. Appellees notified the realtor that they were considering terminating the agreement. The realtor then informed appellants of the possible termination.
 {¶ 5} On January 13, 2003, counsel for appellees sent a letter to appellants, informing them that appellees considered the purchase agreement to be null and void because of appellants' failure to comply with the financing terms set forth in Paragraph E of the agreement. The letter also notified appellants that the earnest money would be returned. Shortly after the letter was sent, appellees refused appellants' attempt to have the property appraised for the loan application.
 {¶ 6} On May 1, 2003, appellants filed a complaint in the Lake County Court of Common Pleas for specific performance and damages for breach of contract. A bench trial was held on August 1, 2003. Following a hearing in which both sides presented evidence, the trial court issued a judgment entry on September 3, 2003, finding for appellees and dismissing the case.
 {¶ 7} Appellants subsequently filed this timely appeal, presenting a single assignment of error:
 {¶ 8} "The trial court's interpretation of Paragraph E of the sales contract is wrong as a matter of law."
 {¶ 9} The thrust of appellants' argument lies within the interpretation of language contained within the financing clause of the purchase agreement, which was labeled Paragraph E. Appellants contend the trial court erred in determining that Paragraph E contained several conditions precedent that needed to be satisfied for completion of the contract. Appellants argue the first sentence set forth the sole condition precedent and the other sentences that follow are merely "directives."
 {¶ 10} Paragraph E of the purchase agreement reads as follows:
 {¶ 11} "This transaction is conditioned upon BUYER obtaining a commitment for a first mortgage loan (the "Loan") from a lending institution in the amount set forth in D(3) above, or in a lesser amount acceptable to BUYER. BUYER agrees to apply in writing for the Loan within five (5) Days, as defined in Paragraph P, after the date of Acceptance, to cooperate fully with the lender's requests for information and to use good faith efforts to obtain the Loan. If BUYER'S loan application is neither approved nor denied within 21 days after the date of Acceptance, then BUYER may either request a written extension or remove this contingency in writing. If BUYER'S loan application is denied, or if Seller refuses an extension and BUYER does not remove this contingency, then this agreement ("AGREEMENT") shall be null and void, neither BUYER, SELLER nor any REALTOR(S) involved in transaction shall have any further liability to each other, and both BUYER and SELLER agree to sign a mutual release, whereupon the earnest money shall be returned to BUYER."
 {¶ 12} In order to ascertain the intent of the parties to a contract we must first look to the language in the contract.[1] No matter how total and complete a contract, the existence of a condition precedent prevents such contract from becoming operative until performance of the condition precedent.[2] A condition precedent is defined as "one that is to be performed before the agreement becomes effective. It calls for the happening of some event, or performance of some act, after terms of the contract have been agreed on before the contract shall be binding on the parties."[3]
 {¶ 13} In the instant case, Paragraph E relates to the financing terms of the agreement. According to the first sentence, appellants were obligated to apply for a loan in writing within five days of the date of acceptance. In doing so, appellants were to cooperate with any information requests from the lender and use a good faith effort in attempting to obtain a loan. Appellants sought to obtain financing upon acceptance of the purchase agreement. However, when it was discovered that they would be subject to additional fees should they attempt to "lock in" an interest rate at that time, they decided to wait and apply after January 1, 2003. As this maneuver would take appellants outside the five-day time period anticipated in the contract, the failure to communicate this intention to appellees demonstrates a lack of good faith.
 {¶ 14} Therefore, although appellants argue the first sentence is the only condition precedent to be satisfied, this does not preclude a finding of breach of contract, as they failed to satisfy what they contend was the only condition precedent.
 {¶ 15} The second sentence requires that, should the loan application be neither approved nor denied within twenty-one days after the date of acceptance, appellants should request a written extension of this contingency or request this contingency be removed from the contract.
 {¶ 16} The third sentence relates to a denial of a loan application, or a situation where appellees would refuse an extension or refuse to remove the contingency. In that instance, the contract would then be null and void with no liability by any party, and any earnest monies would be returned.
 {¶ 17} Thus, Paragraph E of the purchase agreement contains several conditions precedent, which may need to be satisfied depending on the outcome of the loan application. As we have noted above, appellants failed to satisfy the first condition precedent, which was to apply in writing for a loan within five days of acceptance and to cooperate and apply a good faith effort in attempting to obtain financing. Appellants failed to satisfy this condition precedent.
 {¶ 18} Appellants' assignment of error is without merit.
 {¶ 19} Therefore, based on the foregoing, appellants failed to comply with the condition precedent, rendering the contract null and void. We conclude the trial court did not err in finding for appellees. The judgment of the Lake County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.
[1] Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos. (1999),86 Ohio St.3d 270, 273.
[2] Mumaw v. Western Southern Life Ins. Co. (1917), 97 Ohio St. 1, 9.
[3] Id. at 11.