{¶ 63} I agree with Judge Hoffman's reasoning and disposition as to assignments of error I, III and IV. However, I am writing separately because while I agree with Judge Hoffman's disposition as to assignment of error II, I do not agree with his analysis. The issue is whether the language "We do not provide Medical Payments Coverage for any insured for bodily injury . . . sustained while occupying any motorized vehicle having fewer than four wheels. . . ." is ambiguous, and if so, what is the proper interpretation of that language.[2] Appellant's claim for medical payment coverage for payments she claimed to have made as a result of bodily injuries her husband sustained while he was on a motorcycle depends upon the interpretation of that clause. Judge Hoffman's opinion finds the clause ambiguous and then concludes that the clause does not clearly and unambiguously exclude coverage for appellant's claim. I would find that, even assuming arguendo that the clause is ambiguous, a reasonable interpretation of the clause excludes coverage for appellant's claim.
 {¶ 64} Although, as a rule, a policy of insurance that is ambiguous will be construed most favorably for the insured, it must be construed so as to ascertain and effectuate the intent of the parties. Westfield Insurance Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256; Hamilton Ins.Serv., Inc. v. Nationwide Ins. Cos.(1999), 86 Ohio St.3d 270,273, 714 N.E.2d 898. In this regard, insurance coverage should be determined by reasonably construing the insurance contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." Dealers Dairy Products Co. v. Royal Ins. Co. (1960),170 Ohio St. 336, 10 O.O.2d 424, 164 N.E.2d 745, paragraph one of the syllabus.
 {¶ 65} In this case, we find that a reasonable interpretation of the language of the contract leads to the conclusion that appellant's claims for medical payment coverage are excluded by the terms of the contract. It is apparent that appellant's husband, an insured under the policy, cannot obtain medical payment coverage for the bodily injuries he sustained because those bodily injuries were sustained while he was occupying a vehicle with less than four wheels. It is not reasonable to interpret the contract so as to allow appellant, also an insured under the policy, to obtain medical payment coverage for her husband's injuries when he himself cannot. To construe the terms of the contract otherwise permits the claimant to circumvent the clear intent of the parties and the contract.
 {¶ 66} Accordingly, I join in Judge Hoffman's disposition as to the second assignment of error but do so pursuant to the foregoing analysis.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the March 11, 2005 judgment of the Richland County Court of Common Pleas is affirmed in part; reversed in part and remanded for further proceedings in accordance with our opinion and the law. Costs to be divided equally.
[2] This language deals with the first exclusion listed under the Medial Payment Coverage portion of the policy. Exclusions 5 and 6 are also mentioned in Judge Hoffman's Opinion. The reasoning above is applicable to those exclusions also.