[Cite as *Accurate Elec. Constr., Inc. v. Ohio State Univ.*, 2016-Ohio-8329.]

| | |
|---|---|
| ACCURATE ELECTRIC CONSTRUCTION, INC. | Case No. 2014-00961 |
| Plaintiff | Referee Dale A. Crawford |
| v. | <u>DECISION OF THE REFEREE</u> |
| THE OHIO STATE UNIVERSITY | |
| Defendant | |

{¶1} Now before the Court is Defendant's Motion for Summary Judgment regarding Plaintiff's Count III (Breach of Express and Implied Warranty) and Count IV (Breach of Duty of Good Faith and Fair Dealing). On August 18, 2016, the Court recommended that Defendant's Motion for Summary Judgment be granted as to Count I (Breach of Contract) and Count II (Equitable Adjustment). The Court then ordered the Parties to file briefs regarding the remaining claims. The Court has reviewed those briefs and for the reasons explained below recommends that Defendant's Motion for Summary Judgment be granted as to all of Plaintiff's claims.

**<u>Summary Judgment Standard</u>**

{¶2} Under Civ.R. 56(C), summary judgment is proper "if the pleadings, depositions, answer to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Thus, in order to determine whether Defendant is entitled to judgment as a matter of law pursuant to Civ.R. 56(C), the Court must ascertain whether the evidentiary materials presented by Defendant show that there is no genuine issue as to any material fact involved in the case. In making this determination, it is necessary to analyze the landmark Ohio Supreme Court decision which addresses the

"standards for granting summary judgment when the moving party asserts that the nonmoving party has no evidence to establish an essential element of the nonmoving party's case." *Dresher v. Burt*, 75 Ohio St.3d 280, 285, 1996-Ohio-107, 662 N.E.2d 264 (1996); *see also Saxton v. Navistar, Inc.*, 2013-Ohio-352, 986 N.E.2d 611 (10th Dist.), ¶ 7.

{¶3} In *Dresher*, the Ohio Supreme Court held:

{¶4} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. * * * [T]he moving party bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * The assertion must be backed by some evidence of the type listed in Civ.R. 56(C) which affirmatively shows that the nonmoving party has no evidence to support that party's claims." *Dresher, supra*, at 292-293.

{¶5} In interpreting the United States Supreme Court decision in *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986), the *Dresher* Court found no express or implied requirement in Civ.R. 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. *Dresher, supra*, at 291-292. Furthermore, the *Dresher* Court stated that it is not necessary that the nonmoving party produce evidence in a form that would be admissible at trial in order to avoid summary judgment. *Id.* at 289, quoting *Celotex*. In sum, the *Dresher* Court held that the burden on the moving party may be discharged by "showing"–that is, pointing out to the Court– that there is an absence of evidence to support the nonmoving party's case. *Id.*

{¶6} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293.  If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden as outlined in Civ.R. 56(E):

{¶7} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

## Count III: Breach of Express and Implied Warranties

{¶8} The Supreme Court of Ohio has held that "there can be no implied covenants in a contract in relation to any matter specifically covered by the written terms of the contract itself."  *Hamilton Ins. Servs. v. Nationwide Ins. Cos.*, 86 Ohio St. 3d 270, 714 N.E.2d 898, 1999-Ohio-162, citing *Kachelmacher v. Laird*, 92 Ohio St. 324, 110 N.E. 933 (1915).

{¶9} In fact, the concept that no implied covenants exists between the Parties is memorialized in the contract in question.  Article 4.1 states, in part: "[t]he Contract Documents embody the entire understanding of the parties and form the basis of the Contract between the University and the Contractor."

{¶10} Plaintiff describes the alleged breach of warranties in Paragraphs 42-46 of its Complaint:

> a. 42. OSU breached its obligation to Accurate to provide Accurate with a site upon which Accurate could perform its work without hindrance, interference, or delay and to do those things which it promised to do at such time and in such manner as would not hinder, interfere, or delay accurate.

b. 43. OSU breached its obligation to Accurate by unreasonably denying Accurate's legitimate claims for additional compensation necessary to meet the mandated contractual end dates.

c. 44. OSU breached its obligation to Accurate to promote teamwork, cooperation, and respect amongst all of the contractors on the Project.

d. 45. OSU breached its obligations to Accurate when it failed to schedule and coordinate the Project so as not to make the performance more difficult and costly than anticipated.

{¶11} In support of its position that Defendant failed to provide a site upon which it could work Plaintiff relies on *Valentine Concrete, Inc. v. Ohio Dept. of Administrative Serv.*, 62 Ohio Misc.2d 591 (Ohio Ct. Cl. 1991). The Court finds there is no genuine issue of material fact regarding whether or not Plaintiff waived its right to pursue an Article 8 claim related to breach of contract, the claim for a breach of good faith and fair dealing must be dismissed. In *Valentine*, this Court granted summary judgment in favor of the plaintiff because Valentine Concrete, Inc. proved that it was damaged by delays on the project and it was not the cause of said delays.

{¶12} This case is distinguishable from *Valentine* in that the plaintiff in that case alleged breached of contract and did not bring claims for an alleged breach of warranties. Therefore, the Court's finding in favor of the plaintiff was based on the terms of the contract and not on any implied or express warranties. The Court has already dismissed Plaintiff's claims related to breach of contract.

{¶13} Plaintiff's claims arise from facts similar to those in *Valentine*, wherein the contractor was damaged by delay caused by Defendant. However, Plaintiff was aware of the claim described in paragraph 42, throughout the Project, yet failed to give timely notice of its claim pursuant to Article 8.

{¶14} Plaintiff also claims that it was denied additional compensation related to Change Order 363, which extended milestone dates without compensating the contractors for any costs associated with the changed dates. Plaintiff was aware of the

potential claim when it refused to sign Change Order 363 on or about February 13, 2013, yet Plaintiff did not assert its claim under Article 8 until several months after the contract was completed. Plaintiff has failed to demonstrate how its breach of warranty claim is any different than its breach of contract claim as it pertains to the changes in schedule referenced in paragraphs 43 and 45 of its Complaint.

{¶15} Regarding paragraph 44 of the Complaint, Plaintiff has likewise failed to demonstrate how the alleged breach of warranty is separate and distinct from its breach of contract claim. In fact, Plaintiff cites to Articles 4.4.2 and 4.4.3 of the General Conditions for the proposition that Defendant failed to conduct a partnering meeting and develop a partnering agreement.

{¶16} Pursuant to the holding in *Hamilton Ins. Servs.*, there can be no implied covenant, such as an implied duty to "promote teamwork, cooperation, and respect amongst all of the contractors on the Project," where the contract specifically addresses the subject matter in question.

{¶17} Article 4.4.2 explains that the purpose of the partnering agreement is to "build cooperative relationships between the Project's key stakeholders, avoid or minimize disputes, and nurture a more collaborative ethic characterized by trust, cooperation and teamwork." Therefore, this claim is not a breach of warranty; rather, it is based on an alleged breach of contract. Plaintiff was aware of this alleged breach and the lack of partnering agreement at the onset of the Project, and failed to give timely notice of this claim under Article 8.

## Count IV: Breach of the Duty of Good Faith and Fair Dealing

{¶18} The covenant of good faith is part of a contract claim and it does not stand alone as a separate cause of action from a breach of contract claim. *DVCC, Inc. v. Med. Coll.*, 10th Dist. Franklin No. 05AP-237, 2006-Ohio-945; *Interstate Gas Supply, Inc. v. Calex Corp.*, 10th Dist. Franklin No. 04AP-980, 2006-Ohio-638, citing *Lakota Local Sch. Dist. Bd. of Educ. v. Brickner*, 108 Ohio App.3d 637, 671 N.E.2d 578 (6th

Dist.1996). "[T]here is an implied duty of good faith and fair dealing in every contract." However, this duty "is part of a [breach of] contract claim and does not stand alone." *Lakota*, 671 N.E.2d at 584.

{¶19} Accordingly, as the Court already found, there is no genuine issue of material fact regarding whether or not Plaintiff waived its right to pursue an Article 8 claim related to breach of contract, the claim for a breach of good faith and fair dealing must consequentially be dismissed.

## Conclusion

{¶20} For the above-mentioned reasons, the Court finds that there exist no genuine issues of material fact regarding Counts III (Breach of Express and Implied Warranties) and IV (Breach of Duty of Good Faith and Fair Dealing). Accordingly, it is recommended that OSU's Motion for Summary Judgment be granted as to these claims.

{¶21} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

DALE A. CRAWFORD
Referee

cc:

Jason R. Harley                          James E. Rook
Peter D. Welin                           William C. Becker
250 West Street, Suite 550               Assistant Attorneys General
Columbus, Ohio 43215                     150 East Gay Street, 18th Floor
                                         Columbus, Ohio 43215-3130
**Filed November 18, 2016**
**Sent to S.C. Reporter 12/22/16**