[Cite as *Lowry v. Buroker*, 2017-Ohio-9312.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| WILLIAM MATTHEW LOWRY, et al. | : | |
| | : | |
| Plaintiffs-Appellees | : | Appellate Case No. 2017-CA-25 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-149 |
| | : | |
| WILLIAM BUROKER | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2017.

. . . . . . . . . . .

DARRELL L. HECKMAN, Atty. Reg. No. 002389, One Monument Square, Suite 200, Urbana, Ohio 43078
    Attorney for Plaintiffs-Appellees

JON L. JENSON, Atty. Reg. No. 0072492, 98 N. Union Street, Delaware, Ohio 43015
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} William Buroker appeals from a judgment of the Champaign County Court of Common Pleas, which granted summary judgment to Plaintiffs William Lowry and Brittany Buroker on their claim for specific performance of a land contract and denied William Buroker's cross-motion for summary judgment. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} Plaintiff Brittany Buroker is the daughter and only child of Defendant William Buroker.[1] According to Brittany's undisputed affidavit, in 2015, she and her boyfriend, Lowry, spoke with her father about buying his land on Pisgah Road in Champaign County, Auditor's Parcel No. K41-11-11-03-00-010-00. At that time, Buroker wanted money, and he had concerns about the mortgage on the property through The Peoples Savings Bank, which was approximately $1,400 per month. The property was also subject to two judgment liens. Plaintiffs agreed to buy the property from Buroker for the pay-off amount on the mortgage, which was then $208,016.11.

{¶ 3} On May 11, 2015, Plaintiffs executed a land contract with Buroker. As the parties had discussed, the agreement, which was prepared by Buroker's attorneys, generally provided that Plaintiffs would pay $208,016.11, plus interest, for the property in monthly payments over the course of five years. The agreement further provided that "the obligation evidenced by this contract can be prepaid by Buyer at any time."

{¶ 4} Brittany stated in her affidavit that the transaction between the parties was

---

[1] To avoid confusion, we will hereafter refer to William Buroker and William Lowry by their surnames and to Brittany Buroker by her first name. Collectively, we will refer to Brittany and Lowry as Plaintiffs.

not an investment for her father, who had no equity in the property and earned no interest from the land contract. In accordance with the contract, all payments were made directly to The Peoples Savings Bank. Brittany further stated that the parties "contemplated completing the land contract as soon as [her] father took care of removing the two (2) judgment liens on the property." Because of the judgment liens, Buroker was unable to provide a clean title for the property and Plaintiffs were unable to obtain financing.

{¶ 5} On September 13, 2016, Plaintiffs filed a complaint in common pleas court, alleging that they had been approved for financing to pay off the land contract, but that Buroker had "anticipatorily breached the land contract by advising Plaintiffs that he will not sign a deed to the Plaintiffs without receipt of money over and above the amount due under the land contract." Plaintiffs sought specific performance of the land contract, which they attached to their complaint as Exhibit 1.

{¶ 6} Buroker, pro se, filed an answer. He admitted that Exhibit 1 was the land contract between the parties and that the trial court had jurisdiction to order specific performance, but he denied Plaintiffs' additional allegations. Buroker stated, as affirmative defenses, that there was a "failure of consideration" and that Plaintiffs were in default of the land contract due to their failure to pay the fire and casualty insurance in a timely manner. Buroker subsequently retained counsel.

{¶ 7} Brittany's affidavit indicated that, in 2017, Plaintiffs were able to obtain financing from The Peoples Savings Bank after they agreed to pay off one judgment lien, even though it was not their responsibility, and the other judgment lienholder agreed to subordinate his judgment lien to The Peoples Savings Bank.[2] Brittany stated that

---

[2] The complaint alleged that Plaintiffs obtained financing in 2016, whereas the affidavit

Plaintiffs attended the closing, where they tendered "the entire purchase price due, but Mr. Buroker did not attend the closing and has refused to accept the proceeds and sign the deed."

{¶ 8} On May 30, 2017, Plaintiffs moved for summary judgment. They argued that Buroker breached the land contract by refusing to accept the pay-off amount and to tender a deed. Plaintiffs supported their motion with Brittany's affidavit.

{¶ 9} The following day, May 31, 2017, Buroker filed a motion for summary judgment, claiming that Plaintiffs were not entitled to specific performance of the land contract, because the contract "does not contain any provision permitting the acceleration of the contract or prepayment of the entire balance before the end of the five (5) year term." He argued that Plaintiffs had not complied with the terms of the land contract, because they had not paid 60 monthly installments. Buroker further argued he did not breach the agreement and that, because Plaintiffs continue to have possession of the property, they could not show that they had been damaged by his alleged breach. Buroker cited to the land contract attached to Plaintiffs' complaint; he did not provide any evidentiary material.

{¶ 10} On June 20, 2017, Buroker filed a memorandum opposing Plaintiffs' motion for summary judgment. His memorandum again asserted that Plaintiffs had no right to prepay the principal and interest and to compel him to convey title prior to 60 months of payments. Buroker relied on *DiMarco v. Shay*, 154 Ohio App.3d 141, 2003-Ohio-4685, 796 N.E.2d 572 (10th Dist.). He presented no evidentiary materials to refute Brittany's

---

indicated that financing was obtained in 2017. Because Brittany's affidavit is a sworn statement and is undisputed, we accept for purposes of the summary judgment motions that the financing was obtained and the closing occurred in 2017.

affidavit.

{¶ 11} On July 6, 2017, the trial court granted Plaintiff's motion for summary judgment and denied Buroker's motion for summary judgment. The trial court noted that the dispute concerned the interpretation of the land contract, and it determined, as a matter of law, that paragraphs 9 and 13 of the land contract (discussed below) entitled Plaintiffs to their requested relief. Specifically, the trial court found that "[t]hat language clearly and unequivocally requires Defendant to convey title to the subject realty, upon payment of the purchase price in full, without regard to when said payment is tendered." The trial court found Buroker's reliance on *DiMarco* to be "misplaced," as the land contract expressly allowed Plaintiffs to pay the contract in full at any time, whereas the land contract in *DiMarco* did not. The trial court ordered Buroker to convey the property to Plaintiffs upon Plaintiffs' tendering of the outstanding balance in full.

{¶ 12} Buroker appeals from the trial court's judgment.

## II. Summary Judgment Standard

{¶ 13} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary

judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 14} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 15} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8, citing *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).

## II. Plaintiffs' Entitlement to Summary Judgment

{¶ 16} Buroker's sole assignment of error states: "The trial court erred in granting Appellees' Motion for Summary Judgment, and directing Appellant to convey title to the real property subject of a land installment contract absent evidence of the amount due and owing Appellant when the amount due was in dispute." Buroker's assignment of error does not claim that the trial court erred in denying his cross-motion for summary judgment.

{¶ 17} Buroker claims that the trial court erred in granting summary judgment to Plaintiffs, because Plaintiffs failed to meet their initial burden of establishing they were

entitled to summary judgment. Buroker asserts that Plaintiffs' complaint established that the amount due was in dispute and that his answer indicated that Plaintiffs had failed to meet all of their obligations under the land contract. Buroker further argues that Brittany's affidavit was inadequate to support her claim, because she failed to provide documentation to substantiate her statements that Plaintiffs had been approved for financing, that the second lienholder had subordinated his lien, and the like. Although not expressly stated by Buroker, we also infer that Buroker claims that the trial court erred in finding, as a matter of law, that the land contract permitted pre-payment by Plaintiffs and required Buroker to convey title upon Plaintiffs' payment of the full purchase price.

{¶ 18} We begin with the language of the land contract and, as did the trial court, we focus on three particular provisions:

1. PRICE AND PAYMENT: Buyer shall pay Seller for the premises the sum of TWO HUNDRED AND EIGHT THOUSAND, SIXTEEN AND 11/100 DOLLARS ($208,016.11), payable as follows:

* * *

b) The balance of $208,016.11, together with interest on unpaid balance, in consecutive monthly payments of $1,440.00 or more, beginning on the 1st day of May [handwritten], 2015, and on the same day of each month thereafter, for a term of FIVE (5) years, at which time the entire balance of principal and interest called for herein shall be paid in full.

9. DEED: When the price has been paid in full, Seller shall convey to Buyer a good and merchantable title in fee simple to the premises by transferable and recordable general warranty deed, with release of dower, free and clear

of all liens and encumbrances, except (1) those created by or assumed by Buyer; (2) those specifically set forth in this contract; (3) zoning ordinances; (4) legal highways; and (5) restrictions, conditions and utility easements of record created or reserved as a part of a general plan in and for the subdivision of which said property is located.

13. SUPPLEMENTAL AGREEMENTS: It is hereby specifically provided that the obligation evidenced by this contract can be prepaid by Buyer at any time.

The contract further provided that Plaintiffs had the right to possession of the property as of May 1, 2015, and that Plaintiffs were responsible for paying taxes, utilities, and insurance for the property.

{¶ 19} The interpretation of a contract is a question of law. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, 875 N.E.2d 561, ¶ 38; *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995). When reviewing a contract, the court's primary role is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273, 714 N.E.2d 898 (1999). A contract that is, by its terms, clear and unambiguous requires no real interpretation or construction and will be given the effect called for by the plain language of the contract. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55, 544 N.E.2d 920 (1989).

{¶ 20} Upon review of the land contract, we agree with the trial court that the land contract unambiguously provided that Plaintiffs had the ability to prepay the principal and interest prior to the five-year deadline (paragraphs 1b and 13), and that Buroker was

required to convey title to the property upon payment of the full purchase price (paragraph 9).

{¶ 21} As stated above, Plaintiffs supported their motion for summary judgment with Brittany's affidavit. Her affidavit described the circumstances leading to the creation of the land contract between the parties. In addition, Brittany stated in her affidavit that, pursuant to the land contract, Plaintiffs were permitted to pay "$1440 per month OR MORE" and that, in 2017, Plaintiffs obtained financing from The Peoples Savings Bank, based on Plaintiffs' agreement to pay off one judgment lien and the second lienholder's agreement to subordinate his lien. Brittany stated that Plaintiffs attended a closing, where they tendered "the entire purchase price due," but Buroker failed to attend and has refused to accept the proceeds and sign the deed. Even without documentation to support her statements, Brittany's affidavit was sufficient to meet Plaintiffs' initial burden of establishing that they tendered the full amount due under the land contract and that Buroker breached the agreement by failing to accept the payment and to convey title to them.

{¶ 22} Buroker did not provide any evidentiary materials to refute the statements in Brittany's affidavit, and neither his own motion for summary judgment nor his memorandum in opposition to Plaintiffs' motion for summary judgment asserted that Brittany's affidavit was inadequate or that genuine issues of material fact existed. Rather, his argument in the trial court was limited to claiming that Plaintiffs were required to pay the principal and interest over the course of five years and that the land contract did not permit prepayment. Buroker cannot raise new issues on appeal.

{¶ 23} Even if we were to consider Buroker's assertion that genuine issues of

material facts exist regarding the amount tendered versus the amount owed, Buroker has relied solely on the allegations in the pleadings, which was not proper under Civ.R. 56(C) once Plaintiffs met their initial burden of establishing their entitlement to relief. And, even considering Plaintiffs' allegation in their complaint that Buroker would "not sign a deed to the Plaintiffs without receipt of money over and above the amount due under the land contract," that statement did not establish that there was a genuine issue about the amount due under the land contract. Rather, it indicated that Buroker breached the agreement by demanding money not required by the land contract.

{¶ 24} In summary, the trial court did not err in concluding that no genuine issue of material fact existed and that Plaintiffs were entitled, as a matter of law, to judgment on their claim for specific performance. Buroker's assignment of error is overruled.

### IV. Conclusion

{¶ 25} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, P. J., and WELBAUM, J., concur.

Copies mailed to:

Darrell L. Heckman
Jon L. Jenson
Hon. Nick A. Selvaggio