[Cite as *State v. Hill*, 2013-Ohio-717.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                                    :
                                                 :        Appellate Case No. 25172
        Plaintiff-Appellee                       :
                                                 :        Trial Court Case No. 11-CRB-730
v.                                               :
                                                 :        (Criminal Appeal from Montgomery
ANTHONY A. HILL                                  :         County Municipal Court –
                                                 :         Western Division)
        Defendant-Appellant          :
                                                 :
                                     . . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of March, 2013.

. . . . . . . . . . .

GREGORY P. SPEARS, Atty. Reg. #0009002, Montgomery County Municipal Court –
Western Division Prosecutor's Office, 195 South Clayton Road, New Lebanon, Ohio 45345
        Attorney for Plaintiff-Appellee

MICHAEL C. THOMPSON, Atty. Reg. #0041420, Wight-Dunbar Business Village, 5 North
Williams Street, Dayton, Ohio 45402-2843
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

        {¶ 1}    Anthony A. Hill appeals from his conviction and sentence on one count of

aggravated menacing, a first-degree misdemeanor.

{¶ 2}    Hill advances two assignments of error challenging the legal sufficiency and manifest weight of the evidence to support his conviction.

{¶ 3}    The victim, Marcus Hunter, testified at trial that he had known Hill for "quite a long time." Hill previously had been married to Hunter's wife. According to Hunter, the two men had a history of "problems" prior to the aggravated-menacing incident. Without elaboration, Hunter recalled a "car incident." He also recalled an incident where Hill appeared and started taking pictures of Hunter and others who were sitting on a porch. On at least one prior occasion, Hunter had called the police on Hill. That incident involved Hunter's son's mother's house catching fire. During the incident, Hunter and Hill "got into a little competition [and] fussin' argument[.]"

{¶ 4}    The incident underlying the aggravated-menacing charge occurred on May 24, 2011. That evening, Hunter drove to 118 Oberlin Avenue to visit his son. Hill resided next door at 128 Oberlin Avenue. Hunter was in his vehicle, which was parked on the side of road, when Hill "came around and blocked [Hunter] in with his truck." (Tr. Transcript at 17). After pulling in front of Hunter, who had been trying to move his vehicle, Hill ran into his house and returned holding a revolver. (*Id*. at 17-18). According to Hunter, Hill was approximately twenty feet away from him. (*Id*. at 19). Hill proceeded to do something in the back of his truck. (*Id*. at 20). Although Hill never pointed the gun at Hunter or made any threatening statements, Hunter testified that Hill "brought it out" and "showed it." (*Id*. at 19, 21). Hunter called 911 and remained in his vehicle until police arrived because he "feared for [his] life." (*Id*. at 25). When asked why he was fearful, Hunter responded that Hill was known for carrying pistols. (*Id*. at 20). According to Hunter, Hill walked back inside his house when

police arrived. (*Id*. at 21).

{¶ 5} Hill testified in his own defense. He admitted parking on the street but denied blocking Hunter's vehicle. (*Id*. at 66, 68). According to Hill, he went inside his house and opened a gate. (*Id*.). When he returned outside, Hill heard Hunter announcing that Hill had a gun in his hand. (*Id*. at 70-71). Hill testified that he was not in possession of a gun and that he ignored Hunter. (*Id*. at 71-72). He proceeded to move his truck, put away a lawnmower, lock his gate, and go back inside. (*Id*. at 72). Hill theorized that Hunter had fabricated the allegation about a gun to "get back" at him for previously having called the police to report Hunter's gambling. (*Id*. at 73, 75).

{¶ 6} After hearing the evidence, the trial court found Hill guilty of aggravated menacing. In so doing, the trial court found that "[t]he defendant's testimony as to his possession or non-possession of a handgun lacks credibility." (Doc. #37 at 1). The trial court imposed a 180-day jail sentence with 90 days suspended. It imposed a partially suspended fine and ordered Hill to pay court costs. Finally, the trial court placed Hill on five years of community control with conditions. The trial court suspended execution of the sentence pending appeal.

{¶ 7} As noted above, Hill's two assignments of error challenge the legal sufficiency and manifest weight of the evidence to sustain his conviction. When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine

the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 8}    Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 9}    With the foregoing standards in mind, we conclude that Hill's aggravated menacing conviction is supported by legally sufficient evidence and is not against the weight of the evidence. The aggravated menacing statute, R.C. 2903.21(A), provides: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person[.]"

{¶ 10}   In his legal-sufficiency argument, Hill claims the State failed to establish that

Hunter believed he would cause serious physical harm. At a minimum, Hill contends the State did not establish that he knowingly caused Hunter to maintain such a belief. Hill asserts that observation of a firearm, alone, is insufficient to support an aggravated menacing conviction. Even if Hunter had a subjective fear of serious physical harm based on observation of a firearm, Hill contends there was "not one scintilla of evidence" to support that fear or to support a finding that he knowingly caused Hunter to have it.

{¶ 11}   Upon review, we find legally sufficient evidence to sustain Hill's conviction. Accepting Hunter's testimony as true, which the trial court was entitled to do, it reasonably could have found the essential elements of the crime proven beyond a reasonable doubt. Hill previously had been married to Hunter's wife, and the two men had some history of problems. On the day in question, Hill blocked Hunter's vehicle with his truck as Hunter was trying to move. Hill then ran inside his house and returned carrying a revolver. He came within twenty feet of Hunter holding the revolver, which he "brought out" and "showed." This evidence is legally sufficient to support a finding that Hill knowingly caused Hunter to believe Hill would cause him serious physical harm.

{¶ 12}   Hill's reliance on *State v. Britton*, 181 Ohio App.3d 415, 2009-Ohio-1282, 909 N.E.2d 176 (2d Dist.), fails to persuade us otherwise. In *Britton*, the defendant previously had accused the victim of stealing her son's prescription. On that occasion, the defendant had threatened the victim, who had responded by brandishing a knife before leaving. Approximately one year later, the two women met again in a parking lot. The defendant pulled up to the victim's car and stated: "I haven't forgotten what happened" and "it's not over." While speaking, the defendant also reached into her jacket as if to retrieve something. The

defendant's actions made the victim "a little nervous," and she drove away to avoid a confrontation. On appeal, this court found insufficient evidence to support an aggravated menacing conviction, reasoning:

> After a thorough review of the evidence submitted regarding the confrontation between Britton and Stephens on December 16, 2007, no testimony was adduced that established that Stephens believed that she would suffer serious physical harm at the hands of Britton. As an initial matter, Britton's two statements, "I haven't forgotten what happened" and "it's not over," while somewhat foreboding, do not constitute a threat of serious physical harm. Stephens's testimony that Britton's statement only made her "a little nervous" further demonstrates that Stephens did not believe that she was in danger of serious physical harm from Britton. Although the evidence was that Stephens was intimidated and justifiably unnerved, it cannot support a finding of a belief that Britton would cause her or her property "serious physical harm." * * *.

*Id.* at ¶51.

{¶ 13} Unlike the confrontation in *Britton*, we believe Hill's act of blocking in Hunter's vehicle and displaying a revolver reasonably can be construed as a threat of serious physical harm. Therefore, *Britton* is distinguishable. The other cases string-cited by Hill are of little assistance. *See State v. Akbar*, 2d Dist. Montgomery No. 18766, 2001-Ohio-1714; *Dayton v. Davis*, 136 Ohio App.3d 26, 735 N.E.2d 939 (2d Dist.1999); and *Dayton v. Gunn*, 2d Dist. Montgomery No. 11602 (Nov. 21, 1989). In *Akbar*, this court upheld an

aggravated-menacing conviction where the defendant angrily threatened to "take care of," "take out," and "get" the victim. In *Davis*, this court upheld an aggravated-menacing conviction based on implicitly threatening e-mails and website images. Finally, in *Gunn*, this court upheld an aggravated-menacing conviction where the defendant threatened the victim with sexual abuse and threw punches at her. *Akbar*, *Davis*, and *Gunn* bear no factual similarity to the case before us and do not alter our belief that Hill's conviction is supported by legally sufficient evidence. The first assignment of error is overruled.

{¶ 14}  With regard to the weight of the evidence, Hill again claims the evidence does not support a finding that Hunter was in fear of serious physical harm or that he knowingly caused Hunter to have such a fear. Hill stresses the absence of any verbal threats or threatening gestures. He argues that any fear Hunter experienced was a result of "unreasonable hypersensitivity" unconnected to anything he did. We disagree. The record supports a finding that Hill knowingly caused Hunter to fear serious physical harm by blocking Hunter's vehicle and displaying a revolver. Having reviewed the record, we cannot say the trial court clearly lost its way and created a miscarriage of justice when it credited Hunter's testimony and found Hill guilty. The evidence does not weigh heavily against the conviction. The second assignment of error is overruled.

{¶ 15}  The judgment of the Montgomery County Municipal Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Gregory P. Spears
Michael C. Thompson
Hon. James L. Manning