[Cite as *Folck v. Barnhart*, 2014-Ohio-1657.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

NEAL C. FOLCK

      Plaintiff-Appellant

v.

WILLIS BARNHART

      Defendant-Appellee


Appellate Case No.    2014-CA-2

Trial Court Case No.   2013-CVI-01810


(Civil Appeal from
 Municipal Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 18th day of April, 2014.

. . . . . . . . . . .

NEAL C. FOLCK, 6447 Harbinger Lane, Dayton, Ohio 45449
      Plaintiff-Appellant-Pro Se

WILLIS BARNHART, 4483 Main Street, Thackery, Ohio 43078
      Defendant-Appellee-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-Appellant, Neal Folck, appeals pro se from a judgment of the trial court finding in favor of Defendant-Appellee, Willis Barnhart, and dismissing Folck's complaint. Folck has failed to comply with App.R.16(A)(3) and (4), because he has not outlined "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," nor has he submitted "[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates."

{¶ 2} After reviewing Folck's brief, we infer that he is arguing that the trial court's decision was against the manifest weight of the evidence. Our review of the record indicates that the decision was not against the manifest weight of the evidence. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 3} On May 25, 2013, Folck and Barnhart entered into an agreement regarding the purchase of a motorcycle that Barnhart had advertised on Craigslist. The agreement states, in pertinent part, "Received $100 down payment from Neal Folck * * * for purchase of 2003 Ducati 800SS for $4,500 and Joe Rocket Jacket & Gloves." Trial Transcript, Defendant's Ex. 4. At trial, the parties disputed the terms of their agreement.

{¶ 4} Folck stated that he deposited $100 for the purchase of the motorcycle, with the remainder of the $4,500 purchase price to be financed or provided in cash to Barnhart. According to Folck, the purpose of the deposit was to hold the motorcycle until he could get it financed. Folck and his witness, Patricia Corona, testified that Folck gave Barnhart the deposit

and told him it would take two to four weeks for Folck to get the money for the motorcycle; Barnhart said that would be no problem.

{¶ 5}     Barnhart testified that the parties never agreed on a two to four week period of time, and that he was not aware that Folck needed to obtain financing.   The purpose of the $100 was to keep him from selling the motorcycle, and he pulled the advertisement from Craigslist.

{¶ 6}     A few days after the initial transaction, Folck called Barnhart to get the VIN number for the motorcycle.   According to Barnhart, this was his first notice that Folck needed to obtain financing.   Barnhart stated that he called Folck several times and the number Folck gave him had been disconnected.   He also said that he called an alternate number that Folck had given him, and left several voice-mails for Barnhart.

{¶ 7}     Folck testified that he went to numerous credit institutions, but was unable to obtain financing for the purchase.   On June 11, 2013, Folck sent Barnhart a letter, indicating that he had yet to receive approval of financing.   In the letter, Folck asked Barnhart to finance the purchase himself, over the next six months.   Barnhart then left Folck a voice-mail, declining to finance the transaction.   In a letter to Barnhart, dated June 21, 2013, Folck acknowledged that he had received this voice-mail.   Folck also asked for the $100 deposit back.

{¶ 8}     Subsequently, Barnhart sold the motorcycle to another party for $4,000.   Folck claimed at trial that he had the money to pay Barnhart.   Folck submitted a copy of a receipt for a $4,400 cashier's check dated June 25, 2013, but did not specifically discuss the receipt or check. Furthermore, Folck never testified either that he offered this check to Barnhart, or that Barnhart knew about the check.

{¶ 9}     On July 5, 2013, Folck filed suit against Barnhart in the Small Claims Division

of the Clark County Municipal Court. Folck alleged in the complaint that Barnhart owed him $100. In October 2013, the case was tried before a magistrate, who concluded that the $100 had been paid to hold the motorcycle for a certain period of time in order for Folck to obtain financing. The magistrate further concluded that this amount was fair consideration for holding the motorcycle for that period of time. According to the magistrate, Folck did not obtain financing, and Barnhart was entitled to retain the $100 as just compensation.

{¶ 10} Folck then objected to the magistrate's decision. After considering the objections, the trial court entered judgment for Barnhart and dismissed the complaint.

{¶ 11} Folck appeals from the judgment of the trial court dismissing his complaint.

## II. Was the Judgment Against the Manifest Weight of the Evidence?

{¶ 12} Because Folck failed to submit proper assignments of error, we construe his assignment of error to be as follows:

The Judgment of the Trial Court Was Against the Manifest Weight of the Evidence.

{¶ 13} In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, the Supreme Court of Ohio concluded that the manifest weight standards outlined in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), should apply to civil cases. *Id.* at ¶ 17. Thus, "When a [judgment] is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact 'clearly lost its way and created such a manifest miscarriage of justice

that the [judgment] must be reversed and a new trial ordered.' " *State v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8, quoting *Thompkins* at 387. "A judgment should be reversed as being against the manifest weight of the evidence 'only in the exceptional case in which the evidence weighs heavily against the [judgment].' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 14} After reviewing the entire record, including the transcript, we conclude that this case does not involve the exceptional situation in which the evidence weighs heavily against the judgment. In this regard, " '[w]e are mindful that, in a bench trial, "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." ' " *Emswiler v. Bodey*, 2d Dist. Champaign No. 2012 CA 3, 2012-Ohio-5533, ¶ 44, quoting *SST Bearing Corp. v. Twin City Fans Cos. Ltd.*, 1st Dist. Hamilton No. C-110611, 2012-Ohio-2490, ¶ 16. (Other citation omitted.)

{¶ 15} In the case before us, Folck's entitlement to recovery was based on a contract. "Generally, a plaintiff must present evidence on several elements to successfully prosecute a breach of contract claim. Those elements include the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." (Citations omitted.) *Doner v. Snapp*, 98 Ohio App.3d 597, 600-601, 649 N.E.2d 42 (2d Dist.1994). We have previously noted that:

When reviewing a contract, the court's primary role is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273, 714 N.E.2d 898 (1999). A contract that is, by its

terms, clear and unambiguous requires no real interpretation or construction and will be given the effect called for by the plain language of the contract. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55, 544 N.E.2d 920 (1989). *Westerfield v. Three Rivers Nursing & Rehab. Ctr., L.L.C.*, 2d Dist. Montgomery No. 25347, 2013-Ohio-512, ¶ 21.

**{¶ 16}** The contract between Folck and Barnhart provided for a $100 "down payment," but was silent regarding various other terms, including the method of financing, the length of time before payment would be required, or what would be done upon breach or termination of the agreement. The contract, therefore, was ambiguous, and the trial court was permitted "to consider 'extrinsic evidence,' i.e., evidence outside the four corners of the contract, in determining the parties' intent." (Citation omitted.) *United States Fid. & Guar. Co. v. St. Elizabeth Med. Ctr.,* 129 Ohio App.3d 45, 56, 716 N.E.2d 1201 (2d Dist. 1998). This evidence "may include (1) the circumstances surrounding the parties at the time the contract was made, (2) the objectives the parties intended to accomplish by entering into the contract, and (3) any acts by the parties that demonstrate the construction they gave to their agreement." *Id.*

**{¶ 17}** When the trial court reviewed the magistrate's decision, it concluded that Folck had failed to meet his burden of proving that the parties had agreed upon a two to four week period for arranging financing. The court also concluded that Folck had breached the contract when he asked for the return of his deposit on June 21, 2013. There is support in the record for these conclusions, and we cannot say, given the ambiguities in the contract and the conflict in testimony, that the judgment was against the manifest weight of the evidence. As was noted, the trial court is in the best position to assess credibility. In addition, as the trial court noted, the

breach caused Barnhart to sell the motorcycle to a third party for a lesser sum. Accordingly, because Folck failed to prove that Barnhart had breached the contract, the trial court did not err in rendering judgment against Folck.

{¶ 18} As a final matter, we note that Folck has mentioned a number of other points, including typographical errors in the trial court's decision and the court's failure to rule consistently with its decision in other cases in which Folck has been involved. These matters are irrelevant and need not be considered.

{¶ 19} Based on the preceding discussion, Folck's assignment of error is overruled.

III.  Conclusion

{¶ 20} Folck's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J.,    concur.

Copies mailed to:

Neal C. Folck
Willis Barnhart
Hon. Denise L. Moody