[Cite as *Singleton v. Robertson*, 2014-Ohio-2392.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100203**

## MIESHAWN SINGLETON

PLAINTIFF-APPELLEE

vs.

## APRIL ROBERTSON, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-774665

**BEFORE:** Jones, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT**

Ashley L. Jones
75 Public Square
Suite 714
Cleveland, Ohio 44113

Donald Gallick
The Law Office of Donald Gallick, L.L.C.
190 North Union Street, #102
Akron, Ohio 44304


**ATTORNEYS FOR APPELLEE**

Jimmie Mack, Jr.
Jimmie Mack, Jr. Co., L.P.A.
526 Superior Avenue, East
Suite 240
Cleveland, Ohio 44114

Melissa A. Laubenthal
Giffen & Kaminski, L.L.C.
1300 East Ninth Street
Suite 1600
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant April Robertson appeals from the trial court's judgment, rendered after a bench trial, in favor of plaintiff-appellee Mieshawn Singleton, and against Robertson, in the amount of $85,000. We reverse and remand for a new trial.

## I. Procedural History and Facts

**{¶2}** In May 2011, Singleton and Robertson entered into a "partnership agreement." Under the terms of the agreement, Singleton and Robertson were to be 50/50 partners in a daycare business known as "Kids World" and operating as "Kids World Before & After, Inc." (collectively "Kids World"). The agreement required each party to make an initial $7,000 capital investment into the partnership.

**{¶3}** In January 2012, Singleton filed suit against Robertson and others. In her verified complaint, Singleton alleged that Robertson received voucher payments from defendant Cuyahoga County Department of Children and Family Services ("CCDCFS") for Kids World, but she either retained the funds for her personal use or directed them into accounts maintained at defendant Charter One Bank for another daycare, defendant School of the Little Ones, which Robertson operated. Accounts for Kids World were also maintained at Charter One Bank.

**{¶4}** Singleton alleged that she had made demands of Robertson for the partnership's books, but the demands had not been met. Singleton further alleged that Robertson engaged in misrepresentations to induce Singleton to contribute $7,000 to the business. On these allegations Singleton sought injunctive relief, an accounting, and

monetary damages.

{¶5} In January 2012, the trial court granted Singleton a temporary restraining order. The order restrained Robertson from various actions regarding assets, property, and funds of Kids World and School of the Little Ones. It also restrained Charter One Bank and CCDCFS from various actions related to assets, property, and funds of Kids World and School of the Little Ones.[1]

{¶6} In October 2012, Singleton filed a motion to hold Robertson in civil contempt for violating the restraining order. The court set the matter for a November 27, 2012 hearing and ordered Singleton and Robertson to appear for the hearing. Robertson failed to appear, and the court found her to be in contempt and issued a purge order. Robertson filed a motion for reconsideration, which the court granted.

{¶7} In March 2013, at the conclusion of discovery, the trial court referred the case for non-binding arbitration. In the event there was an appeal from the arbitration award, the trial date was set for July 15, 2013, and the parties were advised that "no further continuances will be granted for any reason." The matter was arbitrated in June 2013 and Singleton appealed on July 9, 2013.

{¶8} On July 11, 2013, Robertson filed a motion for continuance of the July 15 trial date due to her "probable unavailability." Robertson's motion was based on a July 7-14,

---

[1]In February 2012, Singleton and Robertson filed an agreed judgment entry that mainly set forth their agreement with regard to funds and accounts maintained by Charter One Bank for Kids World and School of the Little Ones. The bank, which was not part of the agreement, motioned the court to be heard, and after a hearing, the original restraining order was placed back into effect.

2013 international trip that she had booked in December 2012. The trial court denied the motion, and a bench trial was had on July 15, 2013; Robertson was not present.

**{¶9}** At trial, Singleton's attorney stated in opening statement that he believed Singleton was entitled to $85,000 based on the parties' agreement. In his opening statement, Robertson's attorney stated: "[w]e're not denying that there's some level of liability, but the amount that [Singleton's attorney] is advancing is not a correct figure."

**{¶10}** Singleton was the sole witness. She testified that in addition to the $7,000 initial investment, she also contributed to the partnership in-kind with items such as air hockey tables, tables, chairs, pool tables, toys, bikes, and books. Singleton also testified that after entering into the agreement she learned that Robertson had a $50,000 loan against the business. Singleton testified that she would not have entered into the agreement had she known about the loan. The documents submitted during the arbitration hearing were admitted into evidence.

## II. Law and Analysis

**{¶11}** Robertson's sole assignment of error reads:

> The trial court's judgment of $85,000.00 is against [the] manifest weight of the evidence because the testimony shows that the business was $50,000 in debt and that plaintiff only contributed $7,000 and unevaluated in-kind furniture.

**{¶12}** In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, the Supreme Court of Ohio concluded that the manifest weight standards outlined in *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), should apply to civil cases.

*Eastley* at ¶ 17-19.

> When a [judgment] is challenged on appeal as being against the weight of
> the evidence, an appellate court must review the entire record, weigh the
> evidence and all reasonable inferences, consider witness credibility, and
> determine whether, in resolving conflicts in the evidence, the trier of fact
> "clearly lost its way and created such a manifest miscarriage of justice that
> the [judgment] must be reversed and a new trial ordered."

*State v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8, quoting *Thompkins* at

387.

{¶13} "A judgment should be reversed as being against the manifest weight of the

evidence 'only in the exceptional case in which the evidence weighs heavily against the

[judgment].'"   *Hill* at *id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d

717 (1st Dist.1983).

{¶14} The $85,000 judgment was against the manifest weight of the evidence.

Singleton and her counsel's request for that amount was not supported by either the oral

testimony or the evidentiary submissions.

{¶15} The evidentiary submissions were as follows: (1) the partnership agreement

(2) "child care centralized payment subsystem" invoices; (3) two statements for "recipients

of miscellaneous income for 2011" from the Ohio Department of Job and Family Services,

one for Kids World and one for School of the Little Ones; and (4) account statements from

Charter One Bank in the name of Robertson and her husband, School of the Little Ones,

and Kids World.[2]

---

[2]An unnotarized letter from an assistant county prosecutor was also submitted.    The attorney
"certified" that "these documents," presumably the child care centralized payment subsystem invoices

{¶16} Singleton testified that the documents would support her demand for a $85,000 judgment; we disagree. They show financial transactions, but without specific testimony as to how the transactions were improper, if at all, they do not support Singleton's cause. Further, although there was arguably documentation about funds received from CCDCFS, we decline to find that the documentation in and of itself established a profit for the business, without having more evidence about the businesses' liabilities.

{¶17} Moreover, there was no documentation, or even testimony, relative to the value of Singleton's in-kind contributions to the business. There also was no documentation of her $7,000 contribution.

{¶18} In light of the above, the sole assignment of error is sustained.

{¶19} Judgment reversed; case remanded for a new trial.

It is ordered that appellants recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

and the two statements for recipients of miscellaneous income for 2011, were "true and accurate copies of records regarding money expended by Cuyahoga Job and Family Services for child care provided to children of eligible parents by the School of the Little Ones and Kids World Before and After, Inc. from May 8, 2011, to [March 5, 2013]."

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR

KEYWORDS:
#100203

Manifest weight.   Testimony and documentation submitted to the trial court did not establish a business profit, the value of appellee's in-kind contributions or evidence of appellee's financial contribution. The trial court's judgment is reversed.