[Cite as *State v. Cosby*, **2020-Ohio-510.**]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28395 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-538 |
| | : | |
| ERNEST J. COSBY, JR. | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of February, 2020.

. . . . . . . . . . .

ANDREW D. SEXTON, Atty. Reg. No. 0070892, City of Dayton Prosecuting Attorney, 335 West Third Street, Room 390, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076797, 75 North Pioneer Boulevard, Springboro, Ohio 45066
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Ernest J. Cosby, Jr., was convicted following a bench trial of two offenses: (1) failure to comply with an order or signal of a police officer in violation of R.C. 2931.331(B), a first degree misdemeanor; and (2) obstructing official business in violation of R.C. 2921.31(A), a second degree misdemeanor. On appeal, we conclude that neither conviction was supported by insufficient evidence or was against the manifest weight of the evidence. Also, the original judgment entry, which incorrectly indicated that Cosby had pleaded guilty to the two offenses, has been corrected by the filing of a nunc pro tunc judgment entry, which correctly states that Cosby was convicted following a bench trial. Thus, Cosby's argument concerning error in judgment entry regarding the manner of conviction is moot. The trial court's judgment will be affirmed.

### Facts and Procedural History

{¶ 2} On January 25, 2019, Dayton Police Officers Joseph Ambroz and Daniel Hall, while on routine patrol, observed a Dodge Avenger make an improper turn. The officers, with Ambroz driving, followed the Avenger. The Avenger, while in the right curb lane, stopped at a red light. Ambroz approached the red light in the left lane and stopped the cruiser so that the two vehicles were side-by-side. After the traffic light cycled to green, Ambroz allowed the Avenger to proceed so that he could position the cruiser behind the Avenger. Ambroz then activated the cruiser's overhead lights to make a traffic stop, but the Avenger did not stop as directed. Because the Dayton Police Department's pursuit policy does not allow a pursuit based upon a traffic violation, the officers stopped following the Avenger.

{¶ 3} Two Crim.R. 4(A) complaints were filed against Cosby ten days after the

Avenger failed to stop.[1]  One complaint charged Cosby with failure to comply with an order or signal of a police officer and the second complaint charged Cosby with obstructing official business.  Following a bench trial, Cosby was convicted of each offense and sentenced accordingly.   This appeal followed.

## Assignments of Error

**{¶ 4}** Cosby asserts the following assignments of error:

THE STATE FAILED TO SUPPLY SUFFICIENT EVIDENCE AS TO ALL THE ELEMENTS NECESSARY TO SUPPORT THE CHARGES AGAINST THE DEFENDANT.

THE TRIAL COURT'S VERDICT SHOULD BE REVERSED AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

THE FINAL APPEALABLE ENTRY & ORDER FILED IN THE TRIAL COURT ON APRIL 11, 2019 INCORRECTLY STATES THAT THE DEFENDANT ENTERED A PLEA OF GUILTY.

## Analysis

**{¶ 5}** Cosby's sufficiency and manifest weight assignments of error are, of course, interrelated and will be discussed together.   A sufficiency of the evidence analysis reviews whether, as a matter of law, the evidence is adequate to support the fact finder's verdict.   *State v. Mattox*, 2018-Ohio-992, 108 N.E.3d 1139 (2d Dist.), ¶ 23.   The

---

[1] The record does not establish how the Dayton Police Department concluded Cosby was the person operating the Avenger when it failed to stop.

"relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 6} In contrast, an appellate court's manifest weight review requires the court to "review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created a manifest miscarriage of justice warranting reversal and a new trial." (Citations omitted.) *Mattox* at ¶ 24. A reversal based upon a manifest weight of the evidence analysis is reserved for the "exceptional case in which the evidence weighs heavily against the conviction." *State v. Hill*, 2d Dist. Montgomery No. 25172, 2013-Ohio-717, ¶ 8, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 7} Finally, a finding that a conviction is not against the weight of the evidence "necessarily includes a finding of sufficiency." (Citations omitted.) *Mattox* at ¶ 24, quoting *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. Thus, a finding that a conviction is not against the manifest weight of the evidence is also a finding the conviction is, as a matter of law, supported by sufficient evidence. *Id.*

{¶ 8} Cosby supports his manifest weight argument with two observations. The first involves a conflict between Officer Ambroz's testimony and Officer Hall's testimony. Hall testified that he "believed" there was one person (the driver) in the Avenger. Hall was not asked to, and he did not, identify Cosby as the person driving the Avenger. Ambroz, in contrast, testified that when the two vehicles were side-by-side at the stop

light, he observed "[w]hat he believe[d] [were] three occupants, [he] couldn't see the rear right passenger side, but [he] saw a black male in the left rear side. A black male in the front right passenger side. And * * * a black male driver with dreads in the driver's seat." Additionally, Ambroz identified Cosby as the person driving the Avenger. Cosby's second observation is that Crystal Russell, Cosby's cousin, testified during the defense case that the Avenger was owned by her aunt, that on the date at issue (January 25, 2019), she had possession of the Avenger with her aunt's permission, and that she did not allow Cosby to use the Avenger on January 25.[2]

{¶ 9} The trial court, when articulating its reasoning for the guilty verdicts, noted the discrepancy between the officers' testimony and found that it was not a "critical factor." The trial court then stated the "critical factor" was the identity of the operator of the vehicle. On this dispositive issue, the trial court concluded that Cosby was the Avenger's driver, based upon Ambroz's identification and the trial court's determination that Russell's testimony was not credible. We cannot conclude, on this record, that this is the exceptional case in which the trial court, in resolving evidentiary conflicts, lost its way and created a miscarriage of justice requiring reversal and a new trial. Thus, the trial court's verdicts were not against the manifest weight of the evidence and were supported by sufficient evidence. Cosby's first and second assignments of error are overruled.

{¶ 10} Cosby's final assignment of error asserts that the trial court's judgment entry incorrectly indicated that Cosby pleaded guilty to the two offenses, and he suggests that

---

[2] During her direct examination, Russell seemed posed to implicate herself as the Avenger's driver. The trial court, to its credit, intervened and arranged for Russell to confer with counsel. After this consultation, Russell asserted her Fifth Amendment right against self-incrimination when asked during cross-examination if she was the person driving the Avenger on January 25.

a remand is necessary to correct the error. But the trial court has already filed an appropriate nunc pro tunc judgment entry, which correctly reflects that Cosby was convicted following a bench trial. Given this, Cosby's third assignment of error is overruled.[3]

## Conclusion

**{¶ 11}** Having overruled Cosby's three assignments of error, the judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Andrew D. Sexton
Marshall G. Lachman
Hon. Christopher D. Roberts

---

[3] The City of Dayton concedes the case should be remanded and suggests that, on remand, the issues of merger and the trial court's failure to impose a mandatory license suspension should be addressed. Cosby did not appeal the trial court's failure to merge the two offenses, and the City did not appeal the trial court's failure to impose a license suspension. Given this, a remand to allow the trial court to address these issues would be inappropriate.